HENDERSON, Deputy Commissioner, United States Employees Compensation Commission v. GLENS FALLS INDEMNITY CO. et al.

No. 10306.

Circuit Court of Appeals, Fifth Circuit.

Feb. 10, 1943.

Rehearing Denied March 12, 1943.

Writ of Certiorari Denied May 24, 1943.

See 63 S.Ct. 1175, 87 L.Ed. ——.

Herbert W. Christenberry, U. S. Atty., and N. E. Simoneaux and Robert Weinstein, Asst. U. S. Attys., for appellant.

Frank S. Normann, of New Orleans, La., for appellees.

Before HUTCHESON, HOLMES, and McCORD, Circuit Judges.

HUTCHESON, Circuit Judge.

Enjoined, along with the minor and her tutrix, from enforcing and attempting to enforce the collection of a compensation award he had made, on January 21, 1941, in favor of the minor, and on April 5, 1941, in favor of her tutrix, the deputy commissioner alone appeals, insisting that the order was wrongly entered. Met with a motion to dismiss on the grounds: (1) that the matter had been made moot, pending the appeal, by a settlement with the beneficiary of the award, and (2) that he is without right or standing to appeal, appellant countered with the claims: (1) that the award having been made on January 21, 1941, and the suit to enjoin or set it aside not having been filed until May 5, 1941, 90 days after the making of the award, the court was without jurisdiction to enter the order appealed from; and (2) that the settlement was prohibited by the compensation statute and he has the right to appeal for the benefit of the awardee.

On the motion to dismiss, we agree with appellant. There is no merit in either of its grounds. The appeal was not made moot by the attempted settlement, because Sections 15(b) and 16 of the Longshoremen's Act, 33 U.S.C.A. §§ 915(b) and 916,[1] prohibiting settlements of claims except in the way provided in the act, rendered it ineffective. The fact that the awardee was a minor and that the Civil District Court, which had appointed the guardian, authorized her to make the settlement adds nothing to its force. The statute absolutely prohibits settlements,[2] and this prohibition applies as well to persons under disability, as to those sui juris. The case was, therefore, not settled pending appeal, but was pending undetermined. Moreover the deputy commissioner, being the party enjoined, was fully authorized by the act to appeal. Nothing in the act prohibits him from appealing. Everything in the act indicates that he is the one to appeal, for the statute provides that the proceeding is to be brought against the deputy commissioner making

---

[1] Sec. 15(b) provides: "No agreement by an employee to waive his right to compensation under this act [chapter] shall be valid"; and Sec. 16 provides: "No assignment, release, or commutation of compensation or benefits due or payable under this act [chapter], except as provided by this act [chapter], shall be valid."

[2] Lumber Mutual Casualty Ins. Co. v. Locke, 2 Cir., 60 F.2d 35; Great Lakes Dredge & Dock Co. v. Brown, Dep. Com'r, 47 F.2d 265; Southern S. S. Co. v. Sheppeard, 5 Cir., 34 F.2d 959.

the order, and the act of May 4, 1928, 33 U.S.C.A. § 921a provides that it shall be the duty of the United States Attorney to appear for the Deputy Commissioner in any such proceeding and to represent him in any court in which said case may be carried on appeal. There are numerous cases in which the deputy commissioner has appealed as the sole party, and his right to appeal has never been questioned.[3] To hold that the deputy commissioner who is the only necessary party, Didier v. Crescent Wharf & Warehouse Co., D.C., 15 F.Supp. 91, and who often is the sole party defendant in a proceeding to review his order, may not appeal, would be absurd. On the deputy commissioner's procedural point that appellees were late in filing their suit, we hold against the commissioner. It is true that the commissioner on the 21st of January, 1941, did make findings of fact and an award in favor of the minor. If he had not qualified the award he then made by providing that it should be paid to the minor's guardian to be appointed and that the employer and insurance carrier should hold the payments of compensation awarded to the claimant in abeyance until further orders had been issued by the commissioner, the order

would have been a final one and the appeal time would then have started. In view of this provision and of the supplemental order of April 5th, making the award compulsorily then payable to the tutrix, we think it clear that the suit filed on May 5th to enjoin the award was timely filed. Coming to the merits, we think the record[4] leaves in no doubt that the district judge was wrong in the view he took that the award was invalid because it appeared from the face of the deputy commissioner's finding that the deceased was a member of the crew of a vessel and, therefore, not within the coverage of the act. This view proceeds upon the wholly mistaken assumption that an award to a bargeman under the compensation act may not stand unless there is an affirmative finding that he was not a member of the crew and that the finding of the deputy commissioner was not such a finding. It is well settled by the authorities that a bargeman may be or may not be, within the exclusion from the compensation act, 33 U.S.C.A. § 902(3), a member of a crew of a vessel according to the facts of the particular case.[5] When, therefore, as here, there is an admission before the deputy commissioner that the

[3] Parker, Dep. Com'r, v. Motor Boat Sales, Inc., 314 U.S. 244, 62 S.Ct. 221, 86 L.Ed. 184; Norton, Dep. Com'r, v. Travelers Ins. Co., 3 Cir., 105 F.2d 122; New Amsterdam Cas. Co. v. McManigal, Dep. Com'r, 2 Cir., 87 F.2d 332; South Chicago Coal & Dock Co. v. Bassett, 7 Cir., 104 F.2d 522.

[4] This consisted of: a claim for compensation made on behalf of the minor; the answer of the employer or insurance carrier containing the admissions; that appellant sustained an injury on or about the date set forth in his application; that the relationship of employer and employee existed; that both the employer and employee were subject to the Longshoremen's and Harbor Workers' Compensation Act at the time of the injury; that the employee was performing services growing out of and incidental to his employment; and that the deceased stood in loco parentis to the minor claimant for at least a year prior to his injury. There was a further admission "that the decedent was employed as a bargeman on the sand, shell and gravel Barge Ohio, which was on May 20, 1940, tied up at the 36th Street landing on the New Basin Canal in the City of New Orleans, and in connection with his duties of handling mooring lines on the Barge Arizona which was

the last barge in tow, he accidentally fell from the Arizona into the New Basin Canal and was drowned". There were finally findings of fact by the commissioner: "that the deceased was in the employ of the employer on the date of his death, that the liability of the employer was insured in Glens Falls Indemnity Co.; that on said date the decedent herein, while performing services for the employer upon the navigable waters of the United States sustained accidental injuries resulting in his disability while he was employed as a bargeman on the Barge Ohio, said barge being then moored with the Barge Raceland and Barge Arizona in the New Basin Canal at 36th Street landing when in connection with his duties of handling mooring lines on the Barge Arizona, he accidentally fell therefrom and was drowned."

[5] Henderson v. Jones, 5 Cir., 110 F.2d 952; Moss Tie Co. v. Tanner, 5 Cir., 44 F.2d 928; Nogueira v. New York, N. H. & H. R. Co., 281 U.S. 128, 50 S.Ct. 303, 74 L.Ed. 754; Diomede v. Lowe, 2 Cir., 87 F.2d 296; Harper v. Parker, D.C., 9 F.Supp. 744; South Chicago Coal & Dock Co. v. Bassett, 309 U.S. 251, 60 S.Ct. 544, 84 L.Ed. 732; Moore Dry Dock Co. v. Pillsbury, 9 Cir., 100 F.2d 245.

parties are under the compensation act, and the record contains no proof to the contrary, it may not be said that the mere finding by him that at the time the bargeman was killed he was handling mooring lines, a service incidental to navigation, establishes on its face that he was, within the exclusion, a member of the crew of a vessel, and negatives the propriety of the award in his favor. The judgment was wrong. It is reversed and the cause is remanded with directions to dismiss the bill for injunction.