S. H. DU PUY and Liberty Mutual Insurance Company, Petitioners,

v.

DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Respondent.

No. 74-1666.

United States Court of Appeals, Seventh Circuit.

Argued April 7, 1975.

Decided Aug. 7, 1975.

Rehearing Denied Sept. 3, 1975.

Carl N. Otjen, Milwaukee, Wis., E. D. Vickery, Houston, Tex., for petitioners.

William J. Kilberg, Solicitor of Labor, Linda L. Carroll, Atty., U. S. Dept. of Labor, Washington, D. C., for respondent.

Before PELL and SPRECHER, Circuit Judges, and PERRY,* Senior District Judge.

PELL, Circuit Judge.

Oscar Allen was severely injured on November 6, 1972, while employed by S.H. Du Puy Company (Du Puy)[1] as a grain trimmer at the Jones Island Docks in Milwaukee, Wisconsin. Allen received medical attention and was hospitalized. He refused blood transfusions for religious reasons and died November 11, 1972. Liberty Mutual Insurance Co., the insurance carrier for Du Puy, gave notice that it would controvert the case since Mr. Allen refused to accept reasonable "medical treatment." Mrs. Allen made a claim for death compensation for herself by notification. A conference with Mrs. Allen, Liberty Mutual, and a deputy commissioner for the United States Secretary of Labor was held in May 1973. The deputy commissioner concluded that there was a necessity for an evidentiary hearing which "will be held by an Administrative Law Judge of the U.S. Department of Labor, who will follow the Administrative Procedure Act." The hearing was scheduled for October 1973 before the Administrative Law Judge (ALJ).

At the hearing the parties informed the ALJ that a settlement agreement had been reached. The ALJ entered an order based on this agreement, which provided for a lump sum payment. Attorney's fees were to be paid from the award. The Director, Office of Worker's Compensation Programs, Department of Labor, appealed this order to the Benefits Review Board, which vacated the Compensation Order on the grounds that a settlement could only be approved by a deputy commissioner. The board declined to rule on the question of attorney's fees raised before the board.

Du Puy and Liberty Mutual jointly petition this court pursuant to 33 U.S.C. § 921(c) to set aside the decision of the Benefits Review Board and to reinstate the compensation order filed by the ALJ. In their briefs and during oral argument in this court the parties have principally addressed themselves to two issues: 1) whether the ALJ had the authority and power to approve the settlement of the death claim and 2) whether attorney's fees should have been assessed in addition to the award by the ALJ, assuming he had the power to make an award.

The Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 901 et seq., was enacted to provide the type of coverage generally denominated as workmen's compensation to certain designated employees of whom Allen was one.[2] In furtherance of the protec-

---

* Senior District Judge Joseph Sam Perry of the Northern District of Illinois is sitting by designation.

1. The employer was denominated as the S.H. Du Pui Company in the administrative proceedings of which review is sought in this court. Here, however, the employer is also referred to as DePui and Du Puy. There being no suggestion that any of the various designa- tions refer to other than the one and same company and assuming that the company's counsel in its last briefing word should be in the best position to know the correct spelling, we are utilizing Du Puy.

2. "Compensation shall be payable under this chapter in respect of disability or death of an employee, but only if the disability or death results from an injury occurring upon the nav-

tive purpose of the Act, other provisions specified that no agreement by an employee to waive his right to compensation would be valid and that no assignment, release, or commutation of compensation or benefits would be valid except as provided in the Act. 33 U.S.C. §§ 915(b), 916.[3] These sections have operated as a general bar to settlements. See generally, *Henderson v. Glens Falls, Indemnity Co.*, 134 F.2d 320 (5th Cir. 1943), *cert. denied*, 319 U.S. 756, 63 S.Ct. 1175, 87 L.Ed. 1709; *Lumber Mutual Casualty Insurance Co. v. Locke*, 60 F.2d 35 (2d Cir. 1932).

While the underlying policy of the Act generally precluded disposition of these cases by way of compromise and settlement, Congress did provide an exception. That exception, the only one of which

we are aware in the Act prior to the amendments of October 27, 1972, was contained in 33 U.S.C. § 908(i), which provided that if the deputy commissioner determined that it is for the best interests of an injured employee entitled to compensation, he could, with the approval of the Secretary of Labor, approve agreed settlements in cases involving temporary partial disability and certain cases involving permanent partial disability.[4]

In 1972, § 908(i) was amended to allow the deputy commissioner to approve agreed settlements whenever he determined that it is for the best interests of the injured employee. The reference to certain subdivisions and the reference to approval of the Secretary were eliminated.[5] The House Report accompanying

---

igable waters of the United States (including any adjoining pier, wharf, dry dock, terminal, building way, marine railway, or other adjoining area customarily used by an employer in loading, unloading, repairing, or building a vessel)." 33 U.S.C. § 903. This section has certain exclusions from coverage not here material.

3. These sections of the Act, which have remained unamended since the original enactment in 1927, read as follows:

"(b) No agreement by an employee to waive his right to compensation under this chapter shall be valid." 33 U.S.C. § 915(b).

"No assignment, release, or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid, and such compensation and benefits shall be exempt from all claims of creditors and from levy, execution, and attachment or other remedy for recovery or collection of a debt, which exemption may not be waived." 33 U.S.C. § 916.

4. Specifically, the deputy commissioner's authority was limited to cases under subdivision (c)(21) and subdivision (e) of § 908. Those subdivisions, which were unchanged by the 1972 amendments, read as follows:

"(21) Other cases: In all other cases in this class of disability the compensation shall be 66⅔ per centum of the difference between his average weekly wages and his wage-earning capacity thereafter in the same employment or otherwise, payable during the continuance of such partial disability, but subject to reconsideration of the degree of such impairment by the deputy commissioner on his own motion or upon application of any party in interest."

"(e) Temporary partial diability: In case of temporary partial disability resulting in decrease of earning capacity the compensation shall be two-thirds of the difference between the injured employee's average weekly wages before the injury and his wage-earning capacity after the injury in the same or another employment, to be paid during the continuance of such disability, but shall not be paid for a period exceeding five years."

It is to be noted that in the case of permanent partial disability the "other cases" followed twenty specific types of injuries, and in practically all cases the amount of compensation was exactly spelled out, e. g., in the case of a fourth finger lost the compensation was fifteen weeks. In the "other cases" situation, subdivision (c)(21), a factor was "wage earning capacity thereafter" which would appear to call for the determination of a judgmental figure. The same reference to "wage earning capacity after the injury" appears in subdivision (e). It would appear prior to the 1972 amendments that the deputy commissioner's discretion was bascally limited to the situation where the uncertain factor of post-accident earning capacity entered the picture and that in other instances the claim was not subject to compromise or settlement but it was a matter of all or nothing.

5. The full text of the amended subdivision is as follows:

"(i)(A) Whenever the deputy commissioner determines that it is for the best interests of an injured employee entitled to compensation, he may approve agreed settlements of the interested parties, discharging the liability of the employer for such compensation, notwithstanding the provisions of section

the bill stated: "Subsection [90]8(i)(A) provides that the deputy commissioner, Board, or Court may approve a settlement discharging an employer from liability for compensation if he deems it to be in the best interest of the employee." H.R.Rep. No. 92–1441, 92d Cong., 2d Sess., 3 *U.S. Code Congressional and Administrative News* at pp. 4698, 4720 (1972).

We note one other amendment to the Act which was included in the 1972 amendments. Section 919(d) had provided for the presentation of evidence at a hearing to be conducted by the deputy commissioner as provided for in subdivisions (a) through (c) and also that the claimant and employer could be represented at the hearing by any person authorized in writing. This subdivision was amended to read as follows:

"(d) Notwithstanding any other provisions of this chapter, any hearing held under this chapter shall be conducted in accordance with the provisions of section 554 of Title 5. Any such hearing shall be conducted by a hearing examiner qualified under section 3105 of that Title. All powers, duties, and responsibilities vested by this chapter, on October 27, 1972, in the deputy commissioners with respect to such hearings shall be vested in such hearing examiners."

Section 554 is the adjudication section of the Administrative Procedure Act. In addition to providing that hearings are to be held in accordance with §§ 556 and 557, section 554 provides, *inter alia*, as follows:

915(b) and section 916 of this title: *Provided,* That if the employee should die from causes other than the injury after the deputy commissioner has approved an agreed settlement as provided for herein, the sum so approved shall be payable, in the manner prescribed in this subsection, to and for the benefit of the persons enumerated in subsection (d) of this section.

"(B) Whenever the Secretary determines that it is for the best interests of the injured employee entitled to medical benefits, he may approve agreed settlements of the interested parties, discharging the liability of the employer for such medical benefits, notwith-

"(c) The agency shall give all interested parties opportunity for—

(1) the submission and consideration of facts, arguments, offers of settlement, or proposals of adjustment when time, the nature of the proceeding, and the public interest permit; and

(2) to the extent that the parties are unable so to determine a controversy by consent, hearing and decision on notice and in accordance with sections 556 and 557 of this title."

5 U.S.C. § 554(c).

The powers and duties of a hearing examiner or an administrative law judge are set forth in Section 556 which provides in part:

"(b) . . . This subchapter does not supersede the conduct of specified classes of proceedings, in whole or in part, by or before boards or other employees specifically provided for by or designated under statute. . . .

"(c) Subject to published rules of the agency and within its powers, employees presiding at hearings may—

. . . . .

"(6) hold conferences for the settlement or simplification of issues by consent of the parties;" 5 U.S.C. 556(b), (c).

■ The foregoing is the context of the issue argued vigorously both in the briefs and at oral argument of the parties and the *amicus*.[6] The petitioners and the *amicus* contend that it is clear standing the provisions of section 916 of this title: *Provided,* That if the employee should die from causes other than the injury after the Secretary has approved an agreed settlement as provided for herein, the sum so approved shall be payable, in the manner prescribed in this subdivision, to and for the benefit of the persons enumerated in subdivision (d) of this section."

6. The court permitted the West Gulf Maritime Association to file a brief and to participate in oral argument on an *amicus curiae* basis. That Association supported the position of the petitioners.

that the hearing examiner, now administrative law judge, is to conduct the hearing and is vested in connection with the hearing not only in the Administrative Procedure Act but particularly by the Longshoremen's and Harbor Workers' Compensation Act with the "powers, duties, and responsibilities" theretofore reposing in the deputy commissioner. This would, it is asserted, perforce include the duty to pass upon agreed settlements and to approve such settlements if in the best interest of the claimant. The governmental respondent devotes equally vigorous argument to the effect that the power of approving settlements still remains solely with the deputy commissioner, and would seem to be saying that the amended section 919(d) does not mean what it rather clearly seems to say. It is obvious that all who appeared before us desired us not only to dispose of this issue but also that pertaining to the allowance of attorney fees. Scant attention was paid either in the briefs or at oral argument to a footnote in the respondent's brief, which upon further analysis we hold to be dispositive of the case before us.[7] The footnote states the matter sufficiently succinctly and, in our opinion, so correctly that we set it forth as a part of this opinion:

"The language and legislative history of section 8(i)(A), as originally enacted, Act of June 25, 1938, C. 685, § 5, 52 Stat. 1165, and as amended, raise doubts that any proposed settlement of a death claim, such as in the instant case, can be approved even by a deputy commissioner. Section 8(i)(A) both before and after the 1972 Amendments to the Act, P.L. 92–576, 86 Stat. 1251, requires that the proposed settlement be in the 'best interest of the *injured employee.*' That Congress intended to limit this statutory authorization of settlements to the claims of the 'injured employee' is clear. As

originally enacted, approved settlements were limited to cases which came within sections 8(c)(21) and 8(e), 33 U.S.C. 908(c)(21) and 908(e), *i. e.,* cases of permanent partial disability and temporary partial disability. The very language of section 8(i)(A), as originally enacted, therefore, did not authorize the settlement of death claims.

"Although section 20(a) of the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, 86 Stat. 1251, 1264, which amended section 8(i), no longer limits approval of settlement to cases coming within sections 8(c)(21) and 8(e), amended section 8(i)(A) retains the requirement that the settlement be in 'the best interests of the injured employee.' Had Congress intended to permit the settlement of all claims coming within the provisions of the Act, including claims for death benefits, Congress could have substituted the phrase best interest of the 'person entitled to compensation' for 'best interest of the injured employee.' *Compare* section 14(j), 33 U.S.C. 914(j), which authorizes the deputy commissioner to approve the lump sum payment and commutation of an award. In calculating the commutation the deputy commissioner is directed to consider 'The probability of the death of the injured employee or *other persons entitled to compensation.*' 33 U.S.C. 914(j).

"In view of the foregoing, it is doubtful that either an administrative law judge or a deputy commissioner can approve the proposed settlement in this case and the question presented to this Court in this appeal may be merely academic." [Emphasis in the original.]

If the petitioners and *amicus* have a refutation of what was expressed as a doubt by the respondent, it was not pro-

---

7. While we ordinarily would not have devoted the space that we have to a non-dispositive issue, we have deemed it necessary in the present instance for the purpose of showing the statutory background in which any claimant in the workmen's compensation area must operate.

vided to us. While the ALJ may well have the power to approve a settlement agreement in the case of an injured employee, we do not have such a case here. We are dealing with a claimant who became such by virtue of the death of an employee. Her case is not lodged under section 908 but under section 909. That section is silent on the matter of settlement. The amendment of 908, despite being included in the section relating to injured employees, might have been broadened to include all claimants, but it did not do so. Subdivision (i) still only relates to "an injured employee."

It is not difficult to conceive of many policy arguments which favor at least someone having the authority to approve an agreed settlement of the claim of a person entitled under section 909. In the particular case before us, the widow, who was represented by apparently competent counsel of her own choice, agreed to a settlement for a lump sum which would have netted her approximately $9,000.00. The decision to settle was made in the light of medical support for the belief that the employee would not have died if he and his family, including the claimant, had been willing to permit a blood transfusion. The total settlement would have been more than half of the amount that would have been reached based upon the decedent's life expectancy. The claimant's life expectancy was less than normal. Yet, apparently as the statutory scheme stands, she and all similar claimants are remitted to a roll of the dice, an all or nothing situation; and nearly three years after the death of her husband her claim is still pending.

■ Further, general policy is in favor of settlement of litigation by compromise and settlement procedures. See the discussion of the general policy by Judge Sprecher in speaking for this court in *Clarion Corporation v. American Home Products Corporation*, 494 F.2d 860, 863 (7th Cir. 1974), *cert. denied*, 419 U.S. 870, 95 S.Ct. 128, 42 L.Ed.2d 108.

■ It is not our province, however, to write legislation that Congress either overlooked or designedly chose not to write; *a fortiori*, this is true where the rights of all claimants, direct or derivative, are so specifically dependent upon, and pursuant to, precise statutory limitations as is the case in the law of workmen's compensation. The hornbook law in this area is set forth in the caption notes of 100 C.J.S. Workmen's Compensation § 406 (1958): ". . . Generally an agreement as to compensation must be approved by a court, board, or commission. . . . A court or commission has only such power to approve agreements as is conferred by statute, and has no power to approve an agreement which does not conform to the statute. . . . There should be a compliance with statutory requirements in proceedings for approval of compensation agreements."

Therefore, we reluctantly conclude that neither the deputy commissioner nor the ALJ had authority to approve the settlement. We can conceive of no reason for Congress not giving the power to a responsible administrative agency. Thus far, however, it has not.

Because of our decision on the first issue, we do not determine whether attorney fees should be allowed in addition to an award or should come from the award.

For the reasons hereinbefore set out, we hold that the Benefits Review Board action in vacating the order of the ALJ was correct, although not for the reasons given by the Board, the correctness of which we have not had to determine. Accordingly, we deny the petition to set aside the Board decision.

SPRECHER, Circuit Judge (concurring).

I concur in the result but not in the statements in the majority opinion which are not necessary to reach the result.