I. T. O. CORPORATION OF BALTIMORE, Employer, and Liberty Mutual Insurance Company, Carrier, Petitioners,

v.

BENEFITS REVIEW BOARD, U. S. DEPARTMENT OF LABOR, Respondent,

William T. Adkins, Respondent,

International Longshoremen's Association, Amicus Curiae.

MARITIME TERMINALS, INC., and Aetna Casualty and Surety Co., Petitioners,

v.

SECRETARY OF LABOR, and Donald D. Brown, Respondents.

MARITIME TERMINALS, INC., and Aetna Casualty and Surety Co., Petitioners,

v.

Vernie Lee HARRIS, and United States Department of Labor, Respondents.

NATIONAL ASSOCIATION OF STEVE-DORES et al., Petitioners,

v.

BENEFITS REVIEW BOARD, U. S. DEPT. OF LABOR, Respondent,

William T. Adkins, Respondent.

Nos. 75–1051, 75–1075, 75–1196 and 75–1088.

United States Court of Appeals, Fourth Circuit.

Argued May 4, 1976.

Decided Aug. 26, 1976.

David R. Owen, Baltimore, Md. (Francis J. Gorman, Semmes, Bowen & Semmes, Baltimore, Md., on brief), for Liberty Mut. Ins. Co.

John B. King, Jr., Norfolk, Va. (Vandeventer, Black, Meredith & Martin, Norfolk, Va., on brief), for Maritime Terminals and Aetna Cas. and Surety Co.

Donald A. Krach, Baltimore, Md. (William C. Stifler, III, Paul B. Lang, Niles, Barton & Wilmer, Baltimore, Md., Thomas D. Wilcox, Washington, D. C., on brief), for Nat. Ass'n of Stevedores.

Linda L. Carroll, Atty., Washington, D. C. (William J. Kilberg, Sol. of Labor, Marshall H. Harris, Associate Sol., George M. Lilly, Karen L. Gilbert, Attys., U. S. Dept. of Labor, Washington, D. C., on brief), Amos I. Meyers, Baltimore, Md. (Terry Paul Meyers, Baltimore, Md., on brief), Charles S. Montagna, Norfolk, Va., for respondents.

Thomas W. Gleason, Jr., New York City (Herzl S. Eisenstadt, Richard H. Kapp, New York City, on brief), for International Longshoremen's Ass'n, AFL–CIO as amicus curiae.

Before HAYNSWORTH, Chief Judge, and WINTER, CRAVEN, BUTZNER, RUSSELL and WIDENER, Circuit Judges, in banc.

WINTER, Circuit Judge:

These consolidated appeals present two major questions: (1) the extent of coverage of the 1972 Amendments to the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. §§ 901 et seq. (sometimes "LHWCA"), to persons engaged in the necessary steps in the overall process of loading and unloading a vessel but who, prior to the Amendments, could claim benefits for accidental injury or death, sustained in the process, only under state law; and (2) whether, in a petition for review under 33 U.S.C. § 921(c), the Director, Office of Workers' Compensation Programs, Department of Labor, is a proper respondent. The appeals were first heard and decided by a divided panel of the court. I. T. O. Corp. v. Benefits Review Bd., 529 F.2d 1080 (4 Cir. 1975). Chief Judge Haynsworth and I, comprising the majority, held that during the loading and unloading process the coverage of the Act extended to the first (last) point of rest. As applied to the facts, this holding resulted in the conclusion that none of the three claimants was entitled to benefits. Judge Craven was of a contrary view. He would have held that the three claimants were engaged in maritime employment on navigable waters of the United States, as defined in the Act, and hence they should

be entitled to benefits under the Act for their accidental injuries. The panel was unanimous in deciding that the Director was not a proper respondent, although it was recognized that, in a proper case, he might be permitted to become an intervenor.

Because of the importance and novelty of the questions decided, the entire court granted cross-petitions for rehearing and reheard the appeals in banc. At the time the appeals were reargued, the in banc court consisted of six judges.

### I.

On the issue of the extent of the Act's coverage, Chief Judge Haynsworth, Judge Russell and I subscribe to the views expressed in the majority panel decision. Judge Widener subscribes to the principle expressed in that opinion, although he defines the exact point between coverage and non-coverage somewhat differently.

In his application of the principle, Judge Widener concludes that the claimant Adkins is not covered by the Act, but that claimants Brown and Harris are covered. He reasons that the test of coverage is whether an otherwise eligible employee is injured while engaged in loading or unloading a ship; coverage would not extend to activities for transshipment of goods removed from a ship or goods destined for a ship. In Adkins' case, a container was removed from the ship and stored in the marshaling area. From there the container was moved to a shed where it was stripped and the contents were stored. Adkins was injured when he was moving the contents from the storage area onto a waiting delivery truck. The cargo was no longer being unloaded from the ship but was in the process of being loaded into a delivery truck. Adkins, in Judge Widener's view, was thus not covered because he was not participating in the unloading process; he was handling the goods for transshipment. Accordingly, Judge Widener concurs in the judgment of Chief Judge Haynsworth, Judge Russell and me to reverse Adkins' award.

In Brown's case, the cargo was brought from somewhere inland and deposited in a warehouse. Brown, operating a forklift, picked up cargo and stuffed it into a container. While stuffing the container, Brown was injured. When the stuffing would have been completed, a hustler would have carried the container to the marshaling area, and from there the container would have been taken to the pier to be loaded on board. Thus, in Judge Widener's view, Brown was engaged in the overall process of loading the ship. The cargo was not merely being moved to storage for convenience or facility; the cargo was in the process of being loaded on board ship, and Brown was engaged in the loading process. Accordingly, Judge Widener concurs in the judgment of Judge Craven and Judge Butzner to sustain the award made to Brown.

Harris was a hustler who was injured while he was taking a container, stuffed with goods which had been stored after inland delivery, from the stuffing area to the marshaling area. From the marshaling area, the container would have been taken to the pier where it would have been loaded on board. The goods were being moved solely for loading purposes, not for mere convenience, and therefore, in Judge Widener's view, Harris, like Brown, was engaged in the overall process of loading the ship. Accordingly, Judge Widener concurs in the judgment of Judge Craven and Judge Butzner to sustain the award made to Harris.

Judge Craven and Judge Butzner subscribe to the views expressed by Judge Craven in his dissenting panel opinion, and for those reasons and the additional reasons expressed by Judge Butzner in his separate opinion attached hereto, they vote to affirm the awards made to Adkins, Brown and Harris.

By the majority votes of Chief Judge Haynsworth, Judge Russell, Judge Widener and me, the award to Adkins (Nos. 75–1051 and 75–1088) is reversed. By an equally divided court, the awards to Brown and Harris (Nos. 75–1075 and 75–1196) are affirmed.

## II.

On the issue of whether the director is a proper respondent, an issue raised only in Nos. 75–1051 and 75–1088, Chief Judge Haynsworth, Judge Russell, Judge Widener and I subscribe to the views expressed in the majority panel decision as hereafter amplified. Judge Craven and Judge Butzner subscribe to the views expressed in Judge Butzner's separate opinion attached hereto.

## III.

Chief Judge Haynsworth, Judge Russell, Judge Widener and I amplify our conclusion that the Director is not a proper respondent as follows:

Prior to the 1972 Amendments, the Act provided for judicial review by an injunction suit against the deputy commissioner making a compensation award. The pertinent part of 33 U.S.C. § 921(b) (1970), *as amended,* 33 U.S.C. § 921(c) (1976 Supp.), provided:

> If not in accordance with law, a compensation order may be suspended or set aside, in whole or in part, through injunction proceedings, mandatory or otherwise, brought by any party in interest against the deputy commissioner making the order, and instituted in . . . the judicial district in which the injury occurred
>
> . . . . .

One of the 1972 Amendments revised § 921 so that subsection (c), the counterpart of the previous subsection (b), now provides:

> Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States Court of Appeals for the circuit in which the injury occurred, by filing in

such court . . . a written petition praying that the order be modified or set aside. A copy of such petition shall be forthwith transmitted . . . to the Board, and to the other parties, and thereupon the Board shall file in the court the record in the proceedings

. . . . .

Certainly the deputy director was a party to pre-1972 litigation, but neither he nor his counterparts is expressly designated as a party by the 1972 Amendments. The legislative history is unenlightening as to the reason for this omission. While it is true that old § 921a [1] provided that the United States Attorney would represent the Secretary or the Deputy Commissioner in any court proceedings under old § 921, and that § 921a was continued by the 1972 Amendments although modified to permit the Secretary to appoint his own counsel,[2] the legislative history is again unenlightening. To conclude from the mere existence of new § 921a that the Secretary, or his designee, the Director, is automatically a party to a review proceeding is to beg the question. This section's existence can as well mean only that if otherwise made a party, *e. g.,* by intervention in a review proceeding, the Secretary or Director will be represented by attorneys appointed by him.

Indeed, § 939(c)(1), added by the 1972 Amendments, *suggests the latter reading.* It provides that "[t]he Secretary may, upon request, provide persons covered by this chapter with legal assistance in processing a claim." It would be a redundancy for the Secretary to be authorized to provide legal services to a prevailing claimant if the Secretary himself was intended actively to litigate to sustain an award.[3] Thus, unlike the pre-1972 Act and numerous other laws pro-

---

1. 33 U.S.C. § 921a, *as amended,* 33 U.S.C. § 921a (1976 Supp.):

   In any court proceedings under section 921 of this title or other provisions of this chapter, it shall be the duty of the United States attorney in the judicial district in which the case is pending to appear as attorney or counsel on behalf of the Secretary of Labor or his deputy commissioner when either is a party to the case or interested, and to repre-

sent such Secretary or deputy in any court in which such case may be carried on appeal.

2. 33 U.S.C. § 921a (1976 Supp.):

   Attorneys appointed by the Secretary shall represent the Secretary, the deputy commissioner, or the Board in any court proceedings under section 921 of this title or other provisions of this chapter except for proceedings in the Supreme Court of the United States.

3. We fail to understand how the Director's statutory duty to provide legal assistance to

viding for judicial review or orders of administrative agencies,[4] the LHWCA, as amended in 1972, does not on its face make the Director a respondent to a petition to review under § 921(c).

Since the Act is not specific, it follows that, if the Director is to be a party, he must be a "person adversely affected or aggrieved by a final order of the Board" within the meaning of § 921(c). Whether he is or is not is a question closely akin to the issue of whether the "case or controversy" requirement of Article III of the Constitution has been met.

■ Generally, to be adversely affected or aggrieved under the statute or to present a case or controversy under the Constitution, one must have suffered "injury in fact, economic or otherwise." *See* K. Davis,

Administrative Law (1970 Supp.) § 22.00–1 at 706; 3 *id.* § 22.02. Therefore, to be a party before this court, the Director must have some concrete stake in the outcome of the case.

The Director asserts he has the requisite stake because

> [h]e is directly affected in his official capacity by the correctness of the Board's decision involving the proper scope of coverage of the Act with whose administration he is charged as the designee of the Secretary of Labor.

The Secretary of Labor's administrative duties, delegated to the Director, *see* 20 C.F.R. § 701.202, are set out in 33 U.S.C. § 939. Subsection (c)(1) is most arguably relevant to the Director's stake in the Board's decisions:

---

claimants confers upon him a stake in the proceedings independent of that of any claimant, as apparently urged by the dissent. The issue we confront is not whether the Director may appear before us as Adkins' representative, but whether the Director may participate in his own behalf.

We also note that we find nothing in the statute or its legislative history to indicate that the availability of legal assistance to claimants may be made to turn upon whether the Director agrees or disagrees with the decision which a claimant seeks to appeal, as the dissent appears to suggest, *infra*, at p. 909 ("*If he deems the decision erroneous,* his statutory duty to assist the claimant includes seeking review.").

**4.** Most other statutes providing for judicial review of agency action are simply not analogous to the LHWCA because under them true adversity exists between the claimant of a *government* benefit and the government agency which seeks to withhold it. Thus, when review of agency action is sought by an unsuccessful applicant for a license before the FCC, *see* 47 U.S.C. § 402, or an unsuccessful applicant for a rate increase before the FPC, *see* 16 U.S.C. § 825*l*(b), or an unsuccessful claimant for Supplemental Security Income before the Secretary of H.E.W., *see* 42 U.S.C. §§ 405(b), 1383(c)(3), it is clear that the agency must be named a respondent since *it* is the party against whom relief is sought; the court could not grant an effective remedy without its presence. (Conversely, these agencies would never have reason to seek review of their own decisions.) In LHWCA cases, on the other hand, it is the private employer or insurance carrier

which will have to pay any award which may be entered.

The Labor Management Relations Act is more nearly similar to the LHWCA, since under it, as under the LHWCA, disputes are adjudicated between antagonistic private parties. And the NLRB may be called upon to defend its decisions in court. *See* 29 U.S.C. § 160(f). However, the NLRB's status as a party in the courts of appeals derives from its enforcement powers. *See id.* ("Upon the filing of such petition [for review], the court shall proceed in the same manner as in the case of an application by the Board under subsection (e) of this section [granting the Board power to enforce its decisions in court], and shall have the same jurisdiction . . . to make and enter a decree enforcing, modifying . . . or setting aside in whole or in part the order of the Board"). Thus, like the FCC, the FPC, the Secretary of H.E.W. and other agencies, the NLRB is an adverse party in court because adjudication is being sought of *its* right to grant relief in behalf of the prevailing party before it. The Director, Office of Workmen's Compensation Programs has no enforcement powers comparable to those of the NLRB.

Moreover, it is not the decision of the *Director* which is called into question by a petition for review under 33 U.S.C. § 921(c), but that of the Benefits Review Board. Thus, the Director does not possess even a concrete interest in defending his *own* decision in court, as does, for example, a district judge against whom a writ of mandamus is sought. As we noted in the majority panel opinion, the Benefits Review Board has specifically asked that it *not* be denominated a party respondent in these proceedings. To that request, we acceded.

The Secretary shall, upon request, provide persons covered by this chapter with information and assistance relating to the chapter's coverage and compensation and the procedures for obtaining such compensation and including assistance in processing a claim. The Secretary may, upon request, provide persons covered by this chapter with legal assistance in processing a claim. The Secretary shall also provide employees receiving compensation information on medical, manpower, and vocational rehabilitation services and assist such employees in obtaining the best such services available.

But we do not think that these duties provide the requisite stake. They do not confer upon the Director any specific interest in the proper administration of the Act.

In *United States ex rel. Chapman v. F. P. C.*, 191 F.2d 796, 799–800 (4 Cir. 1951), *rev'd*, 345 U.S. 153, 73 S.Ct. 609, 97 L.Ed. 918 (1953), we held that the Secretary of the Interior lacked standing to challenge an order granting a license to a private company to construct a dam. The Secretary claimed to be affected by the order because it was his statutory duty to market surplus electrical power from publicly constructed dams. The Supreme Court reversed without opinion on this point, upholding standing. 345 U.S. at 156. *See* 3 K. Davis, supra, § 22.15 at 280.

The Director asserts that *Chapman* supports his position before us, but we disagree. The Secretary of the Interior in *Chapman did* have some stake in the outcome: it would have been harder for him to market public power if another private dam was built. Alternatively, if the private project was disapproved, it would have been more likely that a public dam would eventually have been built, in which case the Secretary would have had more power to market. Thus, regardless of whether the Secretary was faced with a surplus or a shortage of electrical power to market under his statutory authority, the FPC's decision would directly affect him in the performance of his marketing obligations. The Director in this case has no such specific interest. Therefore, we read *Chapman* to suggest that the Director does not have a stake in the outcome and cannot be a party.

■ The lack of a stake in the outcome on the part of the Director would appear to end our inquiry. The Director argues, however, that because he is a party to proceedings before the Board, 20 C.F.R. § 801.2(10), it would be anomalous if he were not a party before this court. There are several answers to this argument. First, of course, that the Director is a party to proceedings before the Board does not alter the fact that he has no direct stake in the outcome of the case, is not a person aggrieved by Board action and is thus without a case or controversy to assert. Second, the fact that one is permitted to be a party to administrative proceedings does not require that one be entitled to initiate judicial review of those proceedings:[5] in the former case, the participant may perform a useful role by calling to the administrative agency's attention considerations it could not on its own initiative, much in the way that an intervenor would in this court; in the latter situation, however, the hopeful party is seeking to initiate a new level of proceedings because of dissatisfaction with the result below. *See* 3 K. Davis, supra, § 22.08 at 242.

---

5. While the Director here seeks to be named a *respondent* to a petition for review, a holding that he is a "person aggrieved" whose presence insures proper adversity would necessarily lead to the conclusion that he is entitled to petition for review of a decision of the Benefits Review Board of which he disapproves: if the Director has an interest in sustaining a Board decision with which he agrees, then he also has an interest in overturning a decision with which he disagrees. We would not readily subject the LHWCA to a construction under which the official charged with administering the Act could invoke the aid of the federal courts to reverse the decision of the board responsible for adjudicating claims under the Act. The unfairness of such a result is manifest if one contemplates the possibility that in some future case the Director, in furtherance of his asserted interest in determining "the proper scope of coverage of the Act," might seek to reverse an award to a claimant on the ground that the Board had been too generous.

Finally, it would appear even from the regulations implementing the Act that the Director is not *automatically* to be a party in this court, even though he is automatically a party before the Board. In 20 C.F.R. § 801.2(10), "party" is defined as follows: "the Secretary or his designee *and* any person or business entity aggrieved or directly affected by the decision or order from which an appeal to the Board is taken." (Emphasis added.) However, 20 C.F.R. § 802.410 provides: "any *party* adversely affected or aggrieved by such decision [of the Board] may take an appeal to the U.S. Court of Appeals . . . ." (Emphasis added.) Thus, the Secretary is a "party" before the Board even if he is not "aggrieved"; but to be entitled to participate in court proceedings, the Secretary, although a "party" below, must, like any other "party," be adversely affected.

■ In summary, we stand firm in our conclusion that the Director is not automatically a respondent in a review proceeding under § 921(c).

In our earlier opinion, we added that we did not decide that "a court of appeals may not, in a proper case, permit intervention by others [including the Director] who have an interest at stake . . . ." We elaborate on that comment: The Director unquestionably has a right to seek to intervene under Rule 24(b) Fed.R.Civ.P.,[6] and an application will ordinarily be granted. See 3B J. Moore, Federal Practice ¶ 24.10[5]; 7A C. Wright & A. Miller, Federal Practice and Procedure § 1912. The Director has not, however, sought intervention in these cases. We assume that he has not done so because he does not wish to render moot his assertion that such a request on his part is unnecessary. Having decided that such a request is necessary, we will still consider such a request on his part should he be advised to make it.

*Nos. 75–1051 and 75–1088 —REVERSED.*

*Nos. 75–1075 and 75–1196 —AFFIRMED. Each Party to Pay His Own Costs.*

BUTZNER, Circuit Judge (dissenting):

I

I believe that the Director, Office of Workmen's Compensation Programs, should be recognized as a party to these proceedings. This issue raises a simple question of statutory construction. In 33 U.S.C. § 939(c), Congress authorized the Secretary of Labor to assist claimants and to provide them legal assistance. This statute must be read along with 33 U.S.C. § 921(a), which provides that attorneys appointed by the Secretary shall represent him before the courts of appeals. The Secretary has properly delegated his responsibilities to the Director.

Regulations under the Act establish the Director as a party before the Benefits Review Board. 20 C.F.R. § 801.3(10). His stake in the proceedings arises out of the duty imposed by 33 U.S.C. § 939(c)(1) to assist claimants. Thus, the Director, like any other party before the Board, is aggrieved within the meaning of 33 U.S.C. § 921(c) by an adverse decision of the Board. If he deems the decision erroneous, his statutory duty to assist the claimant includes seeking review. If the decision favors the claimant, the statute authorizes the Director to support the award on review.

In sum, the Act expressly places on the Secretary or his designee, the Director—not upon the courts of appeals—the responsibility of determining when the Director should participate in the review of the Board's orders. Congress did not condition the Director's appearance in our court on our granting or withholding permission.

The difference between the Director's status as a permissive intervenor and as a party is more than a technical nicety. The majority rule, as I see it, will create roadblocks to filing petitions for review and certiorari, and it will provoke extended liti-

---

**6.** The Federal Rules of Civil Procedure principally govern procedure in the United States district courts in suits of a civil nature, Rule 1, but Rule 81(c) makes them applicable also to review proceedings under the Act to the extent that the Act does not prescribe procedure.

gation over whether the Director's position in a given case satisfies the requirements of Rule 24(b). Other circuits have wisely recognized the Director's status as a party. *See, e. g., Pittston Stevedoring Corp. v. Dellaventura,* 544 F.2d 35 (2d Cir. 1976); *McCord v. Cephas,* 532 F.2d 1377 (D.C.Cir. 1975). I am not persuaded that we should differ from their sound conclusions.

## II

I fully agree with Judge Craven that the point of rest theory espoused by the majority of the court is a judicial gloss on the 1972 Amendments of the Longshoremen's and Harbor Workers' Compensation Act, which is warranted by neither the Act nor its legislative history. *See I. T. O. Corp. v. Benefits Review Board,* 529 F.2d 1080, 1089 (4th Cir. 1975) (Craven, J., dissenting). I add only these brief observations. A careful study of the majority opinion filed when this case was heard by a panel, *I. T. O. Corp.,* 529 F.2d at 1081, discloses that the effect of the point of rest theory is to deprive longshoremen of coverage under the Act when they are injured while stuffing or stripping a ship's containers at a marine terminal. The slight modification of the theory in the majority's per curiam opinion alleviates some, but not all, of its harsh results. It does so, however, at the expense of adding the factor of lapse of time to the vague concept of place for determining the point of rest. Rational, uniform application of the court's theory to the myriad circumstances in which injuries occur will be most difficult.

Judge CRAVEN initially voted with the majority to deny the Director standing as a party to these proceedings. On en banc reconsideration, he is now persuaded otherwise, and concurs in Judge BUTZNER'S opinion.