**UNITED BRANDS COMPANY,**
Petitioner,

v.

**Thad MELSON, and the Director, Office of Workers' Compensation Programs, United States Department of Labor, Respondents.**

No. 77–2904.

United States Court of Appeals,
Fifth Circuit.

Feb. 21, 1978.

George W. Healy, III, Patrick E. O'Keefe, New Orleans, La., for petitioner.

Orlando G. Bendana, Wayne H. Carlton, Jr., New Orleans, La., Carin A. Clauss, Sol. of Labor, Harry L. Sheinfeld, U. S. Dept. of Labor, Washington, D. C., for respondent.

## ORDER

RONEY, Circuit Judge.

United Brands has filed a petition to review a decision of the Benefits Review Board, United States Department of Labor. In its petition, United Brands designated Thad Melson, the injured claimant, as respondent. The Director, Office of Workers' Compensation Programs, United States Department of Labor, has moved to reform the caption to add the Director as a party respondent. United Brands opposes the motion.

■ Both a motion to correct a pleading and a motion to intervene in a petition for review of an agency proceeding are single judge matters when opposed. Local Rule 10(a)(4), (b)(1), (3).

The Circuits are in conflict on the question of whether the Director is entitled to intervene as a party respondent in a proceeding to review a decision of the Benefits Review Board. The Fourth Circuit has squarely held against the Director. *I.T.O. Corp. v. Benefits Review Board*, 542 F.2d 903, 906–909 (4th Cir.) (en banc), *judgment vacated on other grounds*, 433 U.S. 904, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977). The D.C. Circuit, in an unpublished memorandum opinion, has granted intervention. *Director v. Cephas*, 174 U.S.App.D.C. 302, 532 F.2d 1377 (1975). In dictum, Judge Friendly of the Second Circuit has approved intervention. *Pittston Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 42 n.5 (2d Cir. 1976). This Court has allowed the Director to appear as a party respondent, but when it did so the motion was either unopposed, *Landrum v. Air America* (5th Cir. 1975) (No. 75–1534, April 15, 1975) (unpublished) or the opposition was untimely, *Jacksonville Shipyards, Inc. v. Perdue*, 539 F.2d 533, 546 (5th Cir. 1976), *vacated and remanded in part on other grounds sub nom. Director v. Jacksonville Shipyards, Inc.*, 433 U.S. 904, 97 S.Ct. 2967, 53 L.Ed.2d 1088 (1977). *See Director v. Peabody Coal Co.*, 554 F.2d 310, 333–334 (7th Cir. 1977). The Supreme Court, in affirming the Second Circuit case, expressly declined to rule on the issue. *Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 256 n.11, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). *See generally Director v. Eastern Coal Corp.*, 561 F.2d 632, 647 n.9 (6th Cir. 1977) (listing 35 cases in which the Director has participated).

The facts of this case are relevant to the Director's motion. Melson, who worked two jobs, had a heart attack. He collected from one employer under state compensation law, and then sought to recover from United Brands under the federal Longshoremen's Act. The hearing officer allowed the claim, but offset the amount of the state award. United Brands denied liability and petitioned the Benefits Review Board for review. Melson filed a brief which only urged affirmance of the hearing officer's decision. The Director, a party before the Board under 20 C.F.R. 801.2(10)

(1977), filed a separate petition challenging the offset. The Board agreed with the Director, affirmed on liability, and held offset was inappropriate. United Brands then petitioned this Court for review.

In order to bring a petition to this Court, a party must be "adversely affected or aggrieved." 33 U.S.C.A. § 921(c). Following the Fourth Circuit, United Brands would extend that requirement to the Secretary of Labor and exclude the Director as a *respondent* because the federal government has no monetary interest in the outcome of this case. While a financial stake may show injury which would enable the Director to become a *petitioner, Director v. Alabama By-Products Corp.*, 560 F.2d 710, 715–717 (5th Cir. 1977); *Krolick Contracting Corp. v. Benefits Review Board*, 558 F.2d 685, 689–690 (3rd Cir. 1977) (*rejecting Director v. Rochester & Pittsburgh Coal Co.*, 556 F.2d 565 (3rd Cir. 1977) (no published opinion)), *cert. denied sub nom. Maritime Terminals v. Brown*, 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1092 (1977); *Director v. National Mines Corp.*, 554 F.2d 1267, 1271–1272 (4th Cir. 1977); *Director v. Eastern Coal Co.*, 561 F.2d 632, 641–649 (6th Cir. 1977); *Director v. Peabody Coal Co.*, 554 F.2d 310, 332–338 (7th Cir. 1977), that does not necessarily mean that such an interest is necessary to allow the Director to intervene as a *respondent.*

Fed.R.App.P. 15(a) bluntly provides that, in a petition to review an agency proceeding, "[i]n each case the agency shall be named respondent." While this Court has held that rule does not require the Benefits Review Board to be a respondent when sufficient adversity exists between private parties, *Offshore Food Service, Inc. v. Benefits Review Board*, 524 F.2d 967 (5th Cir. 1975); *see McCord v. Cephas*, 174 U.S.App. D.C. 302, 514 F.2d 198 (1975), the language provides strong support for the Director's claim to intervene as a respondent when he so wishes. *Cf.* 28 U.S.C.A. § 2348 (agencies represented by the Attorney General may appear as of right). The Secretary of Labor has designated the Director as the party to represent the Department of Labor in review proceedings. 20 C.F.R. § 802.410

(1977); *cf. Pittston Stevedoring Corp.*, 544 F.2d at 43 n.5 (suggesting such a regulation was needed).

Furthermore, the Longshoremen's Act, while certainly not free of ambiguity, appears to contemplate government participation in review litigation. In 1972 Congress changed the mode of judicial review under the Act. Previously, review under § 921 took the form of a suit for an injunction in the district court against the commissioner who made the order. Subsequently, the Benefits Review Board has replaced the district courts, and its decisions are reviewed in the Court of Appeals. Despite that change in § 921, Congress did not abolish the companion section, 921a, which provided the commissioner with legal counsel. Instead it altered § 921a to read:

Attorneys appointed by the Secretary shall represent the Secretary, the deputy commissioner, or the Board in any court proceedings under section 921 of this title or other provisions of this chapter except for proceedings in the Supreme Court of the United States.

33 U.S.C.A. § 921a; *see Pittston Stevedoring Corp.*, 544 F.2d at 42–43 n.5. The only real question then, is whether Congress intended for the Director, as the Secretary's designate, to appear as of right, or to come in, as the Fourth Circuit held, only when it can show it is entitled to intervene under Fed.R.Civ.P. 24(b), 81(c). *See I.T.O. Corp.*, 542 F.2d at 909.

The requirements of Fed.R.Civ.P. 24(b) seem out of place here. That rule provides:

When a party to an action relies for ground of claim or defense . . . upon any . . . order . . . issued or made pursuant to . . . statute . . . the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Thus, these things seem to be a consideration for intervention under Rule 24(b): re-

liance on an agency order, timeliness, and whether undue delay or prejudice to the original parties will result.

In this case, the parties do not merely "rely" on the order of the Benefits Review Board in an otherwise private dispute. It is the universe of their controversy.

Intervention will not "unduly delay" review. The motion was timely. It is the application of Fed.R.Civ.P. 24(b) that seems likely to cause delay. *I.T.O. Corp.*, 542 F.2d at 909–910 (Butzner, J., dissenting).

 Congress has charged the Secretary with the duty to administer the Act, 33 U.S.C.A. § 939. That duty has been delegated to the Director. 20 C.F.R. §§ 701.-201, .202 (1977). Because of his interest in administration, the Director may even raise before the Benefits Review Board an issue which neither private party wishes to press. *Director v. Du Pui* (BRB June 17, 1974), *petition for review denied, Du Puy v. Director*, 519 F.2d 536 (7th Cir. 1975), *cert. denied*, 424 U.S. 965, 96 S.Ct. 1459, 47 L.Ed.2d 732 (1976). In fact, this was done in this case. Accordingly, the requirement of the rule that intervention not "prejudice the adjudication of the rights of the original parties" seems inappropriate.

When, as here, the Director raises a question before the Board, and the Board adopts the Director's position, surely the Director should be allowed to intervene and defend that position in this Court. The Director is representing the interests of the Secretary, which are not necessarily those of the claimant. *Cf.* 33 U.S.C.A. § 939c(1) (Secretary may, upon request, provide persons with legal assistance in processing a claim). By supporting the Board, the Director promotes uniform decision-making in the Courts of Appeals, and so eases the Office's burden of claim administration. I need not decide under what other circumstances a Director might be allowed to participate in a § 921(c) proceeding.

IT IS ORDERED that the motion of the Director, Office of Workers' Compensation Programs, United States Department of Labor to reform the caption of the referenced cause to add the Director as a party respondent is granted, time for filing brief being extended to 30 days from the date hereof.