Lurlie **RAMEY**, on behalf of Charles Ramey (deceased); **Triple R Coal Company**; **Old Republic Insurance Company**, Petitioners,

v.

**DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR**, Respondent.

No. 02–1630.

United States Court of Appeals, Fourth Circuit.

Argued: Feb. 25, 2003.

Decided: April 14, 2003.

**ARGUED:** Martin Douglas Wegbreit, Southwest Virginia Legal Aid Society, Inc., Castlewood, Virginia; Mark Elliott Solomons, Greenberg Traurig, L.L.P., Washington, D.C., for Petitioners. Edward Waldman, for Enforcement, United States Department Of Labor, Washington, D.C., for Respondent. **ON BRIEF:** Laura Metcoff Klaus, Greenberg Traurig, L.L.P., Washington, D.C., for Petitioners. Eugene Scalia, Solicitor of Labor, Donald S. Shire, Associate Solicitor, Christian P. Barber, for Appellate Litigation, United States Department Of Labor, Washington, D.C., for Respondent.

Before GREGORY and SHEDD, Circuit Judges, and BEAM, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Affirmed by published opinion. Judge SHEDD wrote the opinion, in which Judge GREGORY and Senior Judge BEAM joined.

## OPINION

SHEDD, Circuit Judge:

Charles Ramey entered into a settlement with his former employer, Triple R Coal Company, to resolve his decades-old claim for black lung benefits. This petition for review arises from the decision of the Benefits Review Board invalidating that settlement. We affirm the Board's decision because the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, in plain and unmistakable terms, forbids the settlement of claims for black lung benefits.

## I.

This litigation is almost twenty-two years old. Charles Ramey filed his claim for black lung benefits with the United States Department of Labor in June 1981. The first administrative law judge ("ALJ") denied the claim. Ramey appealed, and the Benefits Review Board (the "Board") remanded the case for reconsideration. A second ALJ denied the claim, but the Board remanded the case again. The third ALJ awarded Ramey benefits, and the Black Lung Disability Trust Fund paid Ramey approximately $100,771 in benefits before the Board reversed the ALJ's decision and vacated the award. On remand, a fourth ALJ denied Ramey's claim. The Board affirmed that ruling, and Ramey petitioned this Court for review. While that petition was pending, the parties agreed to settle Ramey's claim.[1]

The settlement called for Triple R Coal Company ("Triple R") to pay Ramey $12,000 in exchange for Ramey's agreement (1) to dismiss his claim with prejudice, (2) not to seek modification of his claim, (3) not to file a new claim, and (4) not to authorize anyone else to file a claim on his behalf. In addition, the settlement provided that any attempt by the Department of Labor to recover the $100,771 in benefits that it had earlier paid to Ramey would void the settlement, restoring the parties to the *status quo ante*.

The parties presented their settlement to an ALJ. Although he determined that the settlement was reasonable and that Ramey's interests were well represented by counsel, the ALJ ruled that the Black Lung Benefits Act ("BLBA") did not permit such a compromise of Ramey's claim.

The Board affirmed the ALJ's conclusion on that issue.[2] This appeal followed.

## II.

 The question whether the BLBA recognizes settlement agreements such as the one entered into by Ramey and Triple R is a question of statutory construction that we review *de novo*. See *Holland v. Pardee Coal Co.*, 269 F.3d 424, 430 (4th Cir.2001). "In a statutory construction case, the beginning point must be the language of the statute, and when a statute speaks with clarity to an issue[,] judicial inquiry into the statute's meaning, in all but the most extraordinary circumstance, is finished." *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 475, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992). Because the BLBA speaks clearly and unmistakably to the issue presented in this appeal, our analysis begins—and ends—with the plain language of the statute.

 The BLBA incorporates some, but not all, of the provisions of the Longshore and Harbor Workers' Compensation Act ("LHWCA"). 30 U.S.C. § 932(a). Sections 15 and 16 of the LHWCA are incorporated into the BLBA. *Id.* Section 15 provides that "[n]o agreement by an employee to waive his rights to compensation under this chapter shall be valid." 33 U.S.C. § 915(b). Similarly, § 16 provides that "[n]o assignment, release, or commutation of compensation or benefits due or payable under this chapter, except as provided by this chapter, shall be valid." 33 U.S.C. § 916. These provisions operate as a general bar to settlements. *Du Puy v. Director, OWCP*, 519 F.2d 536, 538 (7th Cir.1975). Not only does the BLBA include these anti-settlement provisions, but

---

1. By order dated October 31, 2000, this Court remanded the case to the Board for consideration of the proposed settlement.

2. Ramey died while his appeal to the Board was still pending. Lurlie Ramey, his widow, was substituted as claimant and petitioner.

it also specifically *excludes* § 8 of the LHWCA, which provides a procedure governing settlements of claims for benefits under the LHWCA. 30 U.S.C. § 932(a). Thus, the BLBA, on its face, prohibits settlement.[3]

Ramey and Triple R contend that § 16—which is incorporated into the BLBA—implicitly incorporates § 8, which the BLBA otherwise excludes. At the outset, the BLBA's clear exclusion of § 8 in its entirety trumps this tenuous "double incorporation" theory, or else the exclusion would be meaningless. *See* 2A Norman J. Singer, *Statutes and Statutory Construction* § 46.06, at 181–90 (6th ed.2000).

In any event, the double incorporation theory fails of its own accord. Ramey and Triple R insist that the phrase contained in § 16—"except as provided by this chapter"—refers to the LHWCA, even *after* § 16 is incorporated into the BLBA. "In a statute of specific reference [such as the BLBA]," however, "only the appropriate parts of the statute referred to are considered. When the reference is made to a specific section of a statute, that part of the statute is applied as though written into the reference statute." 2B Singer, *supra*, § 51.08, at 273–74. Thus, "this chapter" must refer to the BLBA, not the LHWCA, a conclusion confirmed by the fact that the BLBA does not incorporate the title provision of the LHWCA. 30 U.S.C. § 932(a); 33 U.S.C. § 901. Ramey and Triple R would have the word "chapter" refer to two distinct statutes in a single sentence. We do not adopt such a strained construction. *See Gustafson v. Alloyd Co.*, 513 U.S. 561, 570, 115 S.Ct. 1061, 131 L.Ed.2d 1 (1995) (noting the general rule of statutory construction that "identical words used in different parts of the same act are intended to have the same meaning").

By unambiguous terms, the BLBA forbids employees "to waive [their] rights to compensation" and to "release ... compensation or benefits due or payable." We presume that Congress "says in a statute what it means and means in a statute what it says there." *Connecticut Nat'l Bank v. Germain*, 503 U.S. 249, 253–54, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). Accordingly, we conclude that the BLBA does not permit parties to settle a claim for black lung benefits.[4]

### III.

The settlement proposed by Ramey and Triple R falls within the categories of agreements forbidden by the statute. In exchange for a payment of $12,000, Ramey agreed (1) to dismiss his claim with prejudice, (2) not to seek modification of his claim, (3) not to file a new claim, and (4)

---

3. The Board itself has consistently recognized that the BLBA does not permit settlement. *See Gerzarowski v. Lehigh Valley Anthracite, Inc.*, 1988 WL 232653, at *2 (DOL Ben. Rev. Bd.); *Myers v. Director, OWCP*, 1988 WL 232700, at *3 (DOL Ben. Rev. Bd.) (*en banc*); *Estate of Blake v. Director, OWCP*, 1987 WL 107350, at *3 (DOL Ben. Rev. Bd.) (*en banc*); *Grieco v. Director, OWCP*, 1987 WL 107343, at *3 (DOL Ben. Rev. Bd.) (*en banc*). These decisions rest upon the fact that "the settlement provisions of the [LHWCA] were expressly excluded from incorporation into the [BLBA]." *Gerzarowski*, 1988 WL 232653, at *2.

4. Because we find no ambiguity in the relevant statutory provisions, we need not rely upon the Secretary of Labor's interpretation of those provisions. We note, however, that the Secretary's regulation on this subject comports with the plain meaning of the statute. *See* 20 C.F.R. § 725.515(a) (stating that "[e]xcept as provided by the Act and this part, no assignment, release, or commutation of benefits due or payable under this part by a responsible operator shall be valid").

not to authorize anyone else to file a claim on his behalf.

 Ramey and Triple R contend that Ramey neither waived a right to compensation nor released compensation or benefits due or payable because his claim had been denied by an ALJ. This argument is foreclosed by the United States Supreme Court's decision in *Estate of Cowart v. Nicklos Drilling Co.*, 505 U.S. 469, 112 S.Ct. 2589, 120 L.Ed.2d 379 (1992). The question in that case was whether the injured employee was a "person entitled to compensation" under the LHWCA. *Id.* at 475, 112 S.Ct. 2589. The employee argued that he was not entitled to compensation because he was neither receiving compensation payments from his employer nor had an order been entered awarding him compensation. *Id.* The Supreme Court rejected that argument, concluding instead that "the normal meaning of entitlement includes a right or benefit for which a person qualifies, and it does not depend upon whether the right has been acknowledged or adjudicated." 505 U.S. at 476, 112 S.Ct. 2589. Thus, the employee "became a person entitled to compensation at the moment his right to recover vested, not when his employer admitted liability." *Id.* at 477, 112 S.Ct. 2589.

In an analogous context, this Court held that an applicant whose claims for statutory disability benefits had been preliminarily denied nevertheless had a property interest in those benefits that called for protection under the Due Process Clause. *Mallette v. Arlington County Employees' Supplemental Retirement Sys. II*, 91 F.3d 630, 640–41 (4th Cir. 1996). The defendant in *Mallette* argued that the plaintiff could not have a property interest in disability benefits for which she had merely applied. *Id.* at 637. This Court rejected that argument, declining to give effect to "the mechanical and simplistic applicant/recipient distinction where a statute mandates the payment of benefits to eligible applicants based on objective, particularized criteria." *Id.* at 639–40.

Under *Estate of Cowart* and *Mallette*, Ramey's right to compensation vested when he became eligible for benefits under the BLBA. The parties stipulated in their settlement agreement that Ramey was a former miner who had "simple occupational coal worker's pneumoconiosis" and "severe obstructive lung disease." Those conditions qualified Ramey for compensation. Contrary to Ramey's and Triple R's assertion, this right to compensation was not extinguished once the claim was denied by an ALJ and the Board. The claim was still pending, having been appealed to this Court but not finally decided. Because the settlement purported to compromise an existing claim and waive Ramey's right to compensation, it is not enforceable under the BLBA.

## IV.

Ramey and Triple R attempted to put an end to this litigation by settling Ramey's claim for black lung benefits. The BLBA does not permit such a result.[5] Accordingly, the decision of the Benefits Review Board is

*AFFIRMED.*

---

**5.** We recognize, of course, that settlement is a generally accepted—and often preferred—means of dispute resolution. We also recognize that the litigation of this single claim for benefits has spanned more than two decades. Nevertheless, the statute means what it says, and it is for Congress to change the statute if Congress intends a different result.