Edgar McCORD, t/a Mac's Cities Service, Petitioner,

v.

**BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR**

**and**

**John F. Cephas, Deceased, Respondents.**

**No. 74–1948.**

United States Court of Appeals, District of Columbia Circuit.

Jan. 22, 1975.

Mark L. Schaffer, Washington, D. C., for petitioner.

George M. Lilly, Atty., U. S. Dept. of Labor, Washington, D. C., for respondent, Benefits Review Board.

Before MacKINNON and WILKEY, Circuit Judges.

ORDER

On consideration of respondent Benefits Review Board's unopposed Motion To Dismiss Petition For Review As To The Benefits Review Board and supporting Memorandum of Points and Authorities, it is hereby

Ordered by the Court that respondent Benefits Review Board's aforesaid motion be treated as a motion for dismissal as a party to this action, and as such is granted for the reasons set forth in the attached memorandum. For all purposes as to this appeal, Edgar McCord, t/a Mac's Cities Service, is deemed petitioner and John F. Cephas, deceased, is deemed the respondent.

Per Curiam: John F. Cephas was shot during a holdup at Edgar McCord's service station on December 29, 1968, and died of his wounds three days later. On January 15, 1969, his widow filed a claim for death benefits under the Longshore-

men's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. § 901 et seq., which was adopted as the District of Columbia's Workmen's Compensation Act, 36 D.C.Code § 501. Mrs. Cephas alleged that her late husband was employed by McCord and that he had died as a result of accidental injuries received within the scope of his employment.

McCord denied that Cephas had ever been in his employ. The deputy commissioner held a formal hearing on the claim on September 20, 1972, at which McCord did not appear, and issued a compensation order on October 13, 1972. On January 31, 1973, with advice of counsel, McCord filed a petition for modification pursuant to section 22 of the Act, alleging that the deputy commissioner's finding of employment was based upon a mistake of fact. The deputy commissioner decided that according to the 1972 amendments to the Act, P.L. 92–576, 86 Stat. 1251, his own formal hearing powers had been transferred to the Administrative Law Judges in accordance with the Administrative Procedure Act, 5 U.S.C. § 554. Having found McCord's petition timely, he therefore referred the matter to the Office of the Administrative Law Judges of the Department of Labor for rehearing.

Before the Administrative Law Judge (ALJ) all parties were represented by counsel. The transcript of the hearing before the deputy commissioner was accepted into evidence. Based upon that record, and the representations made to him, the ALJ issued a new order on March 26, 1974, terminating, vacating and setting aside the deputy commissioner's compensation order and denying Mrs. Cephas' claim on the ground that the finding of employment was erroneous and contrary to fact.

Mrs. Cephas appealed the decision of the ALJ to the new Benefits Review Board, an agency created by the amendatory legislation of 1972. The Board vacated the decision of the ALJ on grounds that the order surpassed his jurisdiction, and reinstated the original compensation order of the deputy commissioner directing McCord to pay Mrs. Cephas all death benefits and funeral expenses on August 16, 1974.

McCord has filed a Petition For Review in this court[1] pursuant to 33 U.S.C. § 921(c), which provides:

(c) Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside.

Petitioner McCord joined the Benefits Review Board as a party respondent, and this order is upon a motion of the Board "To Dismiss Petition For Review As to the Benefits Review Board."

 Clearly, the statute directs, again at 33 U.S.C. § 921(c), that the Clerk of this court, upon filing a Petition For Review of a final order of the Board, shall transmit a copy of the Petition to the Board:

A copy of such petition shall be forthwith transmitted by the clerk of the court, to the Board, and to the other parties, and thereupon the Board shall file in the court the record in the proceedings as provided in section 2112 of Title 28. Upon such filing, the court shall have jurisdiction of the proceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified.

1. The Director, Office of Workers' Compensation Programs, United States Department of Labor, has also petitioned this court for review of the Board's order of August 16, 1974, under 33 U.S.C. § 921(c). In that case, however, the Benefits Review Board was not named a party respondent. Therefore, the instant motion does not reach that petition although both cases were consolidated unde· this court's order of December 30, 1974, pe Bazelon, C. J.

At issue in the Board's unopposed motion is whether the command of the statute intends only notice to the Board, so that it may properly deliver up the record, or requires that it be joined as a party and compelled to participate in litigation over the propriety of its decision.

In arguing that it has been improperly made a party to this appeal, the Board makes three cogent arguments. First, under the statute, transmittal of the record confers plenary power upon the court of appeals, and any order framed in the interest of justice can be carried out without any action by the Benefits Review Board. We concur. Second, no jurisdictional hurdle to the effective adjudication of the appeal is raised by deletion of the Board as a party. The rationale of Rule 15(a), Fed.R.App.P., which requires that in review of an order of an administrative agency, board, commission or officer "the agency shall be named respondent," is here inapplicable. Normally, a single private party is contesting the action of an agency, which agency must appear and defend on the merits to insure the proper adversarial clash requisite to a "case or controversy." But Rule 1(b), Fed.R.App.P., says that "[t]hese rules shall not be construed to extend or limit the jurisdiction of the courts of appeals as established by law." Here, there is sufficient adversity between McCord and Mrs. Cephas to insure proper litigation without participation by the Board. To require the Board to appear as a party would parallel requiring the District Court to appear and defend its decision upon direct appeal. Further, the Supreme Court has held that indispensability of parties is to turn on practical considerations. Shaughnessy v. Pedreiro, 349 U.S. 48, 54, 75 S.Ct. 591, 99 L.Ed. 693 (1955); Williams v. Fanning, 332 U.S. 490, 68 S.Ct. 188, 92 L.Ed. 95 (1947).

The Board's third and primary contention is that the statute in no wise requires the Board to be a *party* to proceedings for review of its actions. Determination of this question turns upon our interpretation of one sentence from the above-cited statute: "A copy of such petition shall be forthwith transmitted by the clerk of the court, to the Board, and to the other parties, and thereupon the Board shall file in the court the record in the proceedings as provided in section 2112 of Title 28." We perceive that Congress did not intend by the reference to "other parties" to infer that "the Board" was to be one of the parties to the proceeding. Rather that portion of the sentence was to be interpreted as though it read "to the Board, and to the parties *other than the petitioner.*" If we were to interpret "to the Board, and to the other parties" to mean that Congress intended the Board to be a party, we would be construing such provisions as though they read "to the Board, and to the parties *other than the Board.*" Such construction would require the Clerk of this court to send a copy of the petition back to the petitioner himself, clearly a useless, duplicative act. We thus believe that the better reading of the statute is as we have stated above. That Congress intended such reading is supported by the punctuation used. Placement of a comma and repetition of the word "to" between "the Board" and "the other parties" indicates a desire to separate them. Had the phrase read "to the Board and the other parties," without a comma, the contrary interpretation would be more supportable. We are therefore confident that the statute does not intend that the Board be made a party.

Despite the arguable literal applicability of Rule 15(a), Fed.R.App.P., it is clear that a requirement that the Benefits Review Board litigate herein as a party would merely burden the time and resources of that agency. We accordingly treat the motion as a motion to dismiss the Board as a party respondent, and have granted this motion. The Ninth Circuit has acted similarly in two recent cases. Westfall v. Benefits Review Board, Reichart v. Benefits Review Board, et al. (No. 73–2578 & No. 73–2579, 9th Cir. Dec. 5, 1973); Walker v.

Benefits Review Board, et al., American Motorists Insurance Co. v. Benefits Review Board (No. 74–1340 & No. 74–1494, 9th Cir. Aug. 9, 1974) (unreported).*

---

* On June 11, 1973, Mrs. Cephas filed a complaint in the United States District Court for the District of Columbia to enforce the initial compensation order and to restrain the deputy commissioner from modifying or suspending the award. Judge Richey refused to enjoin further proceedings, and the civil litigation has been held in abeyance pending disposition of the instant review.