538 F.2d 73
 NACIREMA OPERATING CO., INC., and Liberty Mutual Insurance
Co., Petitioners,
v.
BENEFITS REVIEW BOARD, UNITED STATES DEPARTMENT OF LABOR,
WASHINGTON, D. C., and Director, Office of
Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 75-1984.
 United States Court of Appeals,
Third Circuit.
 Argued April 6, 1976.
Decided July 2, 1976.
 
 Vincent H. Cohen, Anne White Foley, Hogan & Hartson, Washington, D. C., for petitioners.
 William J. Kilberg, Sol. of Labor, Laurie M. Streeter, Associate Sol., Harry L. Sheinfeld, Atty., U. S. Dept. of Labor, Washington, D. C., for Director, Office of Workers' Compensation Programs, for respondents.
 Before BIGGS, GIBBONS and HUNTER, Circuit Judges.
 OPINION OF THE COURT
 GIBBONS, Circuit Judge.
 
 
 1
 This petition to review an order of the Benefits Review Board involves many of the same issues decided recently in the companion case of Atlantic & Gulf Stevedores, Inc. v. Director, Office of Workers' Compensation Programs, --- F.2d ---- (3d Cir. 1976). In this instance the claimant is a permanently disabled longshoreman rather than the widow of a deceased longshoreman. The Atlantic & Gulf case controls here and requires that we set aside the decision of the Benefits Review Board.
 
 
 2
 On May 25, 1973, claimant Peter Fulton suffered a heart attack while engaged in longshoring activities for petitioner Nacirema Operating Company, a stevedore. In July of 1973 Fulton filed a claim for benefits under the Longshoremen's and Harbor Workers' Compensation Act, as amended, 33 U.S.C. §§ 901-50. The Administrative Law Judge found that the heart attack was work-related and has left the claimant permanently disabled. Neither the employer nor the Director, Office of Workers' Compensation Programs, contested those findings. Thus the claimant was not a respondent before the Benefits Review Board and is not a respondent here.
 
 
 3
 The Administrative Law Judge also found that prior to his myocardial infarction on May 25, 1973, Fulton was suffering from a permanent partial disability within the meaning of § 8(f) of the LHWCA, 33 U.S.C. § 908(f). He further found:
 
 
 4
 "The evidence is totally persuasive that the Claimant was suffering from a 'manifest' disability which existed previous to his heart attack on May 23, 1973, and that the provisions of Section 8(f) of the Act are applicable to this case."
 
 
 5
 The Director appealed to the Benefits Review Board, contending that the Administrative Law Judge erred in holding that § 8(f) applied. The Board acknowledged that there was ample evidence of previous hypertension, an episode of congestive heart failure, and diabetes mellitus. It also acknowledged that these conditions kept Fulton out of work from May 1972 until the beginning of August 1972. The Board observed that there was no express finding by the Administrative Law Judge that the claimant's total permanent disability was not solely attributable to the heart attack he suffered on May 25, 1973, but concluded:
 
 
 6
 "However, it seems implicit in the Decision and Order (of the Administrative Law Judge) that despite his relating the claimant's total permanent disability to the heart attack, the administrative law judge did not consider the acute myocardial infarction to be the sole cause of disability, since he also found that the claimant was suffering from an existing permanent partial disability, manifest to the employer."
 
 
 7
 It is perfectly clear that the Administrative Law Judge did so find. Indeed, the Director's memorandum to the Board in support of the petition for review did not contend that there were any gaps in the Administrative Law Judge's fact finding. Rather, it urged a reversal of the § 8(f) finding as a matter of law because hypertension and diabetes did not qualify as § 8(f) disabilities.
 
 
 8
 Relying on Aleksiejczyk v. Atlantic & Gulf Stevedores, Inc.,1 B.R.B.S. 541 (1975), which we have now reversed, the Board said:
 
 
 9
 "The issue, then, is whether or not these conditions were contributing causes to the claimant's total permanent disability and were disabling in an economic sense, so as to permit a finding of 'existing permanent partial disability.' " (emphasis supplied).
 
 
 10
 The Board ordered a remand for additional findings by the Administrative Law Judge, but it is quite clear that the sole purpose of the remand was to permit reconsideration in the light of a legal standard which we have held to be inappropriate. The Administrative Law Judge found that the hypertension and diabetes contributed to the heart attack which resulted in permanent disability, and that the prior disability was manifest to the employer. Those findings are supported by substantial evidence in the record as a whole and are conclusive on the Board. Atlantic & Gulf Stevedores, Inc. v. Director, Office of Workers' Compensation Programs, supra. Since the Administrative Law Judge could not on remand apply the Board's "disability in an economic sense" gloss on § 8(f), a remand would be an exercise in futility.
 
 
 11
 The Director urges, nevertheless, that on authority of Sun Shipbuilding & Dry Dock Co. v. Benefits Review Board, 535 F.2d 758 (3d Cir. 1976) (per curiam), we should dismiss the petition for review. But the sole question in this case is whether the employer or the Special Fund will be liable for compensation payments after the 104th week. The theory upon which the Board relied in determining that the employer was wholly liable has been repudiated, and nothing is left to be done in the administrative agency except restore the decision of the Administrative Law Judge. If the Administrative Law Judge in response to the erroneous remand were to relitigate the case in light of the Board's incorrect instruction, we would ultimately be required to restore the initial decision. Our holding in this regard should not be construed as impairing Sun Shipbuilding. The context in which the instant appeal arose is unique; the same panel was presented at the same time with two cases involving the same legal issues and nearly identical facts. Under those circumstances, administrative economy and judicial efficiency, which we recognized in Sun Shipbuilding as the "interest underlying the finality rule," will best be served by bringing this case to an end. The motion to dismiss the petition for review will be denied.
 
 
 12
 The Benefits Review Board has been named as a respondent in the petition for review, and moves for a dismissal on the ground that as a quasi-judicial review board it should not be a party to this action. Petitioners,[1] relying on the requirement in 33 U.S.C. § 921(c) that a copy of the petition for review be transmitted "to the Board, and to the other parties," contends that the Board should be treated as an ordinary administrative agency charged with the role of defending its actions.[2] But the Benefits Review Board performs a review function which prior to the 1972 amendments was performed by the district courts. Certainly those courts had no duty or interest in defending their actions on appeal. There appears to be no reason why the Benefits Review Board should be thought to have such a duty or interest. At best, it is a nominal respondent, and we have no concern that it will disregard a mandate in a case in which it is not so named. The motion of the Benefits Review Board to be dismissed as a respondent will be granted.
 
 
 13
 The Petition for Review will be granted and the order of the Benefits Review Board will be set aside. The motion of the Director to dismiss the petition will be denied. The motion of the Benefits Review Board to dismiss it as a respondent will be granted.
 
 
 
 [1]
 The employer and Liberty Mutual Insurance Company are petitioners
 
 
 [2]
 See 3 K. Davis, Administrative Law Treatise § 22.15, at 283 n.23 (1958)