KROLICK CONTRACTING CORP. and
Old Republic Companies, Petitioners,

v.

BENEFITS REVIEW BOARD, UNITED
STATES DEPARTMENT OF LABOR,
WASHINGTON, D.C. and Director, Of-
fice of Workers' Compensation Pro-
grams, United States Department of La-
bor, Respondents.

No. 76–2043.

United States Court of Appeals,
Third Circuit.

Argued March 31, 1977.

Decided June 14, 1977.

As Amended Aug. 10, 1977.

John L. Kilcullen, Kilcullen, Smith & Heenan, Washington, D. C., for petitioners.

Mark E. Solomons, U. S. Department of Labor, Washington, D. C., William J. Kilberg, Solicitor of Labor, Laurie M. Streeter, Associate Solicitor, Jean S. Cooper, U. S. Department of Labor, Washington, D. C., for Director, Office of Workers' Compensation Programs.

Before VAN DUSEN, GIBBONS and GARTH, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

This is a petition for review of a decision and order of the Benefits Review Board, United States Department of Labor. That decision affirmed an award of benefits to Henning B. Klang, a former coal miner, under Part C of Title IV of the Federal Coal Mine Health and Safety Act of 1969, P.L. 91–173, 83 Stat. 742, 91st Cong., 1st Sess. (1969), as amended by the Black Lung Benefits Act of 1972, P.L. 92–303, 86 Stat. 150, 92d Cong., 2d Sess. (1972). 30 U.S.C. § 901 et seq. (1970 & Supp. V 1975). The petitioners are Krolick Contracting Corporation and its insurer. The named respondents are the Benefits Review Board and the Director, Office of Workers' Compensation Programs, United States Department of Labor.[1]

The petitioners do not dispute the hearing officer's finding that the claimant is totally disabled from pneumoconiosis. Rather, we are tendered a number of jurisdictional and procedural issues which result from the statutory muddle Congress created by the cross-reference in the Federal Coal Mine Health and Safety Act of 1969 to the Longshoremen's and Harbor Workers' Compensation Act of 1927, P.L. 803, 69th Cong. (1927), the amendments of the latter by the Longshoremen's and Harbor Workers' Compensation Act Amendments of 1972, P.L. 92–576, 92d Cong., 2d Sess. (1972), the amendments of the former by the Black Lung Benefits Act of 1972, *supra,* the further amendment of the former in four successive Department of Labor Appropriation Acts. P.L. 93–192, 87 Stat. 748; P.L. 93–517, 88 Stat. 1636; P.L. 94–206, 90 Stat. 7; P.L. 94–439, 90 Stat. 1421; and the delphic pronouncement of a Joint Resolution, P.L. 94–504, 90 Stat. 2428, signed by the President on October 1, 1976. Taken together, these statutes demonstrate nothing so much as Congressional ignorance of the problems its legislation engendered. In a *tour de force* demonstrating both scholarship and ingenuity, Judge Pell has produced the best effort at reconciliation to date. *Director, Office of Workers' Compensation Programs v. Peabody Coal Company et al.,* 554 F.2d 310 (7th Cir. 1977). That opinion addresses each of the issues tendered here, and on each we adopt the solution which the Seventh Circuit reached. We are convinced that we can add nothing to Judge Pell's effort. Moreover, even if we could the desirability of bringing an end to jurisdictional and procedural uncertainties which are currently thwarting the implementation of Part C of Title IV suggests strongly that we resolve those uncertainties as he did.

## I. OUR JURISDICTION

Under Part C of Title IV of the 1969 Federal Coal Mine Health and Safety Act,

---

1. The claimant was also named as a respondent and served with notice of the petition in this court. However, he did not appear nor reply to the briefs. It is not clear whether he partici-

pated in the prosecution of his claim pro se before the hearing officer or did not participate at that proceeding.

as amended, coal mine operators are liable for benefits after January 1, 1974 and prior to December 30, 1981. Claims filed after December 31, 1973 are to be processed under an applicable state workmen's compensation law. If no state program is approved, and none has been, § 422(a), 30 U.S.C. § 932(a), provides that:

". . . the provisions of Public Law 803, 69th Congress (44 Stat. 1424, approved March 4, 1927), as amended (other than the provisions contained in sections 1, 2, 3, 4, 7, 8, 9, 10, 12, 13, 29, 30, 31, 32, 33, 37, 38, 41, 43, 44, 45, 46, 47, 48, 49, 50, and 51 thereof) shall (except as otherwise provided in this subsection and except as the Secretary shall by regulation otherwise provide), be applicable to each operator of coal mine in such State with respect to death or total disability due to pneumoconiosis arising out of employment in such mine."

The statutory cross-reference is to the Longshoremen's and Harbor Workers' Compensation Act of 1927, as amended to 1969, with certain of its provisions excluded. Under § 19 of that statute, federal workers' compensation benefits were determined by a deputy commissioner in the Department of Labor. Section 21(b) provided for review of his determination in the United States District Court. There is no hint in the legislative history of the 1969 Black Lung Act that any other scheme of adjudication and review was intended.

The 1972 amendments to the Longshoremen's and Harbor Workers' Act changed the review scheme by substituting for district court review a Benefits Review Board, and by providing that its decisions were reviewable in the United States Court of Appeals.[2] Both the text and the Legislative History of the 1972 Amendments are silent as to Black Lung benefits. It appears that the problem of the cross-reference in Black Lung legislation never occurred to anyone responsible for the Longshoremen's Act. Congress also amended

the Black Lung legislation in 1972, but the Black Lung Benefits Act of 1972 does not address the question of review by the Benefits Review Board and the Court of Appeals.

After the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act, the Secretary of Labor requested the United States Civil Service Commission to appoint administrative law judges to hear Black Lung cases. The Commission, however, took the position that § 422(a) of the 1969 Act was a specific reference to the LHWCA of 1927 as it appeared in 1969. The Commission's position was that as then written, qualified administrative law judges were not required under the LHWCA, and that the old hearing and review scheme still applied to Black Lung cases. In taking this position, the Commission relied on a settled federal rule of statutory construction that an adopting statute takes an adopted statute as it exists at the time of adoption, not as later amended. *Hassett v. Welch,* 303 U.S. 303, 314, 58 S.Ct. 559, 82 L.Ed. 858 (1938); *Kendall v. United States ex rel. Stokes,* 37 U.S. (12 Pet.) 524, 624, 9 L.Ed. 1181 (1838). The Labor Department did not agree, but in order to get the Part C program off the ground it eventually promulgated regulations, 20 C.F.R. §§ 715.-101(a)(27) and 725.402(c) (1975), defining "administrative law judges" as "hearing officers." The regulation permitted hearing examiners not qualified under the Administrative Procedure Act to hear claims, but assumed that review would be to the Benefits Review Board and the Court of Appeals. One such claim was so processed, and in *James E. Fields v. AKP Coal Company,* BRB, No. 75–155 BLA (Benefits Review Board 1976), the Benefits Review Board, disagreeing with the Civil Service Commission, not only assumed that it had jurisdiction, but held that in Black Lung cases, as in Longshoremen's cases, there must be a qualified administrative law judge. The petitioners assert that the Board lacked jurisdiction to make such a holding, since un-

---

**2.** It also provided that initial hearings must be conducted by administrative law judges qualified in accordance with the provisions of the

Administrative Procedure Act. *See* discussion, *infra,* p. 690.

der the Board's interpretation of the 1969 law, review of a hearing officer's decision in a Black Lung case lies in the district courts.

In the instant case the determination of disability was made, as in *James E. Fields v. AKP Coal Company, supra,* by a hearing officer who was not an APA-qualified Administrative Law Judge. The employer respondents, relying on *Fields,* but recognizing that both the Benefits Review Board and the Secretary assumed that review was to the Board and from it to this Court, petitioned to the Board to set aside the order in favor of the claimant. The Board relying on *United States v. L. A. Tucker Truck Lines,* 344 U.S. 33, 73 S.Ct. 67, 97 L.Ed. 54 (1952), held that their failure to object to the qualifications of the hearing officer before he heard the case was a waiver of the *Fields* defect. The Board affirmed the award.

We will not consider the correctness of the waiver determination, however, until we first decide our own subject matter jurisdiction. See Fed.R.Civ.P. 12(h)(2); *Liberty Mutual Ins. Co. v. Wetzel,* 424 U.S. 737, 740, 96 S.Ct. 1202, 47 L.Ed.2d 435 (1976). That, of course, depends on whether, as the Civil Service Commission contends, the 1969 Black Lung legislation incorporated the review scheme of the Longshoremen's and Harbor Workers' Compensation Act statically, and there has been no subsequent legislative change. If the rule of statutory construction of *Hassett v. Welch* and *Kendall v. United States, supra,* governs, neither the Benefits Review Board nor this Court has jurisdiction.

■ Judge Pell, to whom the same issue was presented, concluded that the *Hassett-Kendall* rule of construction did not apply, because the 1969 Black Lung legislation, properly construed, was not a specific reference statute but a general one. A general reference statute, he held, brought into play the opposite rule of construction, that dynamic incorporation of the law as it might

develop was intended. He therefore concluded that the review scheme of the 1972 amendments to the Longshoremen's and Harbor Workers' Act applied to Part C Title IV Black Lung cases.[3]

Reasonable men could differ over many features of Judge Pell's statutory analysis, which we will not repeat. But we are persuaded that his analysis is the correct one. The Seventh Circuit's solution involved a thorough and imaginative examination of all the available materials. We cannot improve upon it.

■ In the Fourth Circuit, Judge Butzner in *Director, Office of Workers' Compensation Programs v. National Mines Corporation and Old Republic Insurance Company,* 554 F.2d 1267 (4th Cir. 1977) reached the same jurisdictional conclusion by a different route. He relied on the legislative history of the 1972 amendments to the Longshoremen's and Harbor Workers' Compensation Act for the conclusion that it amended the 1969 Black Lung legislation. Our examination of the legislative history materials on which he relies, however, leaves us convinced that they are inapposite, and that it would be difficult to agree with his reliance on them as expressions of Congressional intent respecting the 1969 Act in 1972. But as we said of Judge Pell's analysis, it is more important for the circuits to agree on who has jurisdiction over Part C Title IV cases than that we agree on the rationale to support the conclusion. With that in mind, we align ourselves with the Seventh Circuit's reasoning as well as its conclusion and the Fourth Circuit's conclusion, and hold that the Benefits Review Board had jurisdiction, and so do we. 33 U.S.C. § 921(c).

## II. THE BENEFITS REVIEW BOARD AS RESPONDENT

■ Petitioners contend that under Fed. R.App.P. 15(a), the Benefits Review Board is a proper respondent. We rejected that

---

3. In *Peabody,* the Seventh Circuit also disapproved the Benefits Review Board's decision in *Fields.* We are persuaded that the analysis of the *Peabody* court was also correct on this

point and accordingly reach the merits in this case on that basis. See page 690 below.

contention in *Nacirema Operating Co. Inc. v. Benefits Review Board,* 538 F.2d 73, 75 (3d Cir. 1976), holding that it occupied a purely adjudicatory position analogous to that of the district courts in the pre-1972 review scheme. Other circuits have reached the same conclusion. *E. g., ITO Corporation of Baltimore and Liberty Mutual Insurance Company v. Benefits Review Board,* 542 F.2d 903 (4th Cir.) (en banc), *cert. filed,* 45 U.S.L.W. 3417 (Nov. 24, 1976) (No. 76–730); *Offshore Food Service, Inc. and Aetna Casualty & Surety Company v. Benefits Review Board,* 524 F.2d 967 (5th Cir. 1975); *McCord v. Benefits Review Board, and Cephas,* 168 U.S.App.D.C. 302, 514 F.2d 198 (1975). The First and Second Circuits have avoided passing on this issue. *Stockman v. John T. Clark & Son of Boston & American Mutual Liability Ins. Co.,* 539 F.2d 264 (1st Cir. 1976), *cert. filed,* 45 U.S. L.W. 3332 (October 22, 1976) (No. 571); *Pittston Stevedoring Corporation v. Dellaventura,* 544 F.2d 35, 42 n.5 (2d Cir. 1976). Judge Pell's opinion in the *Peabody Coal Company* case, *supra,* also notes the issue without deciding it. 554 F.2d at 332. We find no reason for reconsidering the *Nacirema Operating Co.* holding that the Benefits Review Board, performing adjudicatory functions only, is not a proper respondent.

## III. THE DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, AS A RESPONDENT

■ In the *Nacirema Operating Co.* case, *supra,* we granted the motion of the Benefits Review Board to be dismissed as a respondent, but proceeded to grant the petition for review against the Director, the only respondent left in the case, rather than dismissing it. Implicitly, then, we held that the Director was a proper respondent. In *Director, Office of Workers' Programs v. O'Keefe,* 545 F.2d 337 (3d Cir. 1976), we allowed the Director to maintain a petition for review. The parties have called to our attention that a panel of this court in a per curiam not for publication, *Director, Office of Workers' Compensation Programs v. Rochester & Pittsburgh Coal Company, et al.,* Nos. 76–1828 and 76–1868 (3d Cir. Janu-

ary 17, 1977), dismissed a petition for review by the Director for lack of standing. The panel relied on a Fourth Circuit decision, *ITO Corp. of Baltimore et al. v. Benefits Review Board etc. & Adkins,* 542 F.2d 903 (4th Cir. 1976) (en banc), *cert. filed,* 45 U.S.L.W. 3447 (Nov. 24, 1976) (No. 730). That unpublished per curiam is inconsistent with the holdings in *Nacirema* and *O'Keefe.* The latter, as published opinions of this Court, are binding precedents for this panel, while the uncirculated and unpublished per curiam opinion is not. Internal Operating Procedures, M.2. Moreover, the Fourth Circuit view which it adopted has not been followed in other circuits. The cases are collected in Judge Pell's opinion in the *Peabody Coal Company* case, which proves to our satisfaction that at least in Black Lung cases, in which the government has a secondary liability in the event an employer does not pay benefits, the Director does have standing to represent the government's interests. *See* 30 U.S.C. § 934; 20 C.F.R. § 720.220(b) (1975). Contrary to the conclusion of the Fourth Circuit in *ITO Corp. of Baltimore v. Benefits Review Board etc. & Adkins, supra,* the Director does have a stake in the outcome. The United States is actually paying benefits to the claimant, which it contends should be paid by Krolick Contracting Corporation.

■ Entirely aside from the government's financial interest in the outcome, moreover, there is the command of Fed.R. App.P. 15(a), that in agency review proceedings in this court "[i]n each case the agency shall be named respondent." That rule is generally applicable to statutory review proceedings within this court's original jurisdiction, and 33 U.S.C. § 921(c) provides such jurisdiction (although § 921(c), in its present form, does not, as it did prior to 1972, identify the "deputy commissioner making the order" as a respondent). The reference to a specific agency respondent in the pre-1972 version of 33 U.S.C. § 921(b) was included prior to the adoption of the Federal Rules of Appellate Procedure. Perhaps, although no clear legislative history on the subject has been called to our

attention, the omission of a reference to the proper respondent when § 921(b) was amended in 1972 was a conscious recognition of the more general reference in Rule 15(a).

Certainly a claimant for benefits may be either a petitioner or a respondent, depending upon the outcome in the BRB. In Black Lung cases, since the government may have secondary liability, it is similarly situated. We need not and do not decide whether the same conclusion follows for the other benefits programs administered under the LHWCA. *See Peabody Coal Company, supra,* 554 F.2d at 338.

## IV. THE NEED FOR QUALIFIED ADMINISTRATIVE LAW JUDGES

■ In Part I above, we concluded that the 1972 amendments to the hearing and review schemes of the Longshoremen's and Harbor Workers' Compensation Act do apply in Title IV, Part C Black Lung cases. At the outset of the new scheme, it was clear that administrative law judges qualified under the Administrative Procedure Act were required in Part C cases. But in the last four Department of Labor Appropriations Acts Congress, apparently aware of the impasse between the Civil Service Commission and the Department of Labor, provided that the Secretary of Labor could appoint "qualified persons . . . to conduct hearings [in Black Lung cases] without meeting the requirements for hearing examiners appointed under 5 U.S.C. § 3105 . . . ."[4] Acting under the authority of the appropriation acts, and in order to prevent the frustration of the Part C benefits program, the Secretary promulgated 20 C.F.R. § 715.101(a)(27), authorizing hearing examiners *not* qualified under 5 U.S.C. § 3105 to hear Part C cases. We conclude, as did Judge Pell in *Peabody Coal Company, supra,* 554 F.2d at 339–341, that the regulation is valid and that the petitioners' objection to the qualifications of the hearing examiner is groundless.[5] Since we do there is no occasion to consider whether the Benefits Review Board erred in holding that the petitioners waived any objection to those qualifications. Its order is valid in any event.

## V. CONCLUSION

The motion to amend the caption of the cause by eliminating the Benefits Review Board as a respondent will be granted. The petition for review will be denied and the order of the Benefits Review Board will be affirmed and enforced.

---

**4.** Department of Labor Appropriations Act, 1974, P.L. 93–192, 87 Stat. 748; 1975, P.L. 93–517, 88 Stat. 1636; 1976, P.L. 94–206, 90 Stat. 7; 1977, P.L. 94–439, 90 Stat. 1421. On October 15, 1976, President Ford signed P.L. 94–504, passed by the Congress on October 1, 1976, which reads as follows:

Be it resolved by the Senate and House of Representatives of the United States of America in Congress assembled, That qualified individuals appointed by the Secretary of Labor may hear and determine claims for benefits under part C of title IV of the Federal Coal Mine Health and Safety Act of 1969 and under section 415 of such Act. For purposes of this Joint Resolution, the term "qualified individual" means such an individual, regardless of whether that individual is a hearing examiner appointed under section 3105 of title 5, United States Code. Nothing in this Joint Resolution shall be deemed to imply that there is or is not in effect any authority for such individuals to hear and determine such claims under any provision of law other than this Joint Resolution. 90 Stat. 2428.

Apparently the last sentence was included by Congress to be certain that the five circuits which were wrestling with the cryptogram would be required to solve it. Certainly a legislative solution could have been made applicable to all pending litigation.

**5.** We note that shortly after hearing this case, the particular hearing examiner in question was made an administrative law judge. Thus, it would appear that even if we were to remand the case for the reasons advanced by the petitioner, it would be returned to the same adjudicator with the result of merely rubber stamping an identical outcome finding that the claimant was entitled to benefits. Such a procedure is an exercise in futility in that it wastes precious administrative and judicial resources and undermines clear cut congressional policy by delaying litigation for an unpersuasive reason having nothing to do with the factual merits of the compensation claim.