James R. SHAHADY, Petitioner,

v.

ATLAS TILE & MARBLE CO. and Hartford Accident & Indemnity Co., Respondents.

No. 81–1818.

United States Court of Appeals, District of Columbia Circuit.

Argued Dec. 3, 1981.
Decided Feb. 26, 1982.

---

**228.** *See* pp. 445–448 *supra.*

Wayne M. Mansulla, Washington, D. C., for petitioner.

William P. Dale, Washington, D. C., for respondents.

Mark C. Walters, Atty., Dept. of Labor, Washington, D. C., for movant Director, Office of Workers' Compensation Programs.

Before WALD, MIKVA and EDWARDS, Circuit Judges.

Opinion PER CURIAM.

PER CURIAM:

We decide here a discrete but important question: whether the Director of the Office of Workers' Compensation Programs ("DOWCP" or "Director") within the Department of Labor is a proper respondent to a petition for review of a decision of the Benefits Review Board ("BRB" or "Board") brought under section 21(c) of the Longshoremen's and Harbor Workers' Compensation Act ("LHWCA" or "Act"), 33 U.S.C. § 921(c),[1] when the Director aligns himself with petitioner urging reversal of the Board's order. Because the statutory scheme of the LHWCA and regulations promulgated thereunder clearly contemplate that the Secretary or his delegate shall participate as a matter of course in section 921(c) review proceedings, we hold the Director should be named a party-respondent in all review proceedings brought under section 921(c), whether or not the Director supports the Board's order. Accordingly, we grant the Director's motion to amend and reform the caption in No. 81–1818.

## I. BACKGROUND

Petitioner James R. Shahady filed an administrative claim against his employer Atlas Tile & Marble and its insurance carrier Hartford Accident & Indemnity for reimbursement of medical expenses for a second knee operation following a fall Shahady suffered in 1975 while employed by Atlas Tile as a marble mason. The Administrative Law Judge denied Shahady's claim in its entirety on November 29, 1979. The Benefits Review Board affirmed on June 11, 1981, with one judge dissenting. BRB No. 79–724, Case No. 79–DCWC–252. The Director did not actively participate at either stage of the administrative proceedings. Shahady filed a petition for review on July 22, 1981, D.C.Cir. No. 81–1818, naming as respondents only Atlas Tile & Marble and Hartford Accident & Indemnity.

1. Section 921(c) provides, in pertinent part:

Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred, by filing in such court within sixty days following the issuance of such Board order a written petition praying that the order be modified or set aside. A copy of such petition shall be forthwith transmitted by the clerk of the court, to the Board, and to the other parties, and thereupon the Board shall file in the court the record in the proceedings as provided in section 2112 of Title 28. Upon such filing, the court shall have jurisdiction of the proceeding and shall have the power to give a decree affirming, modifying, or setting aside, in whole or in part, the order of the Board and enforcing same to the extent that such order is affirmed or modified.

The Director, Office of Workers' Compensation Programs, moved on August 12 to amend and reform the caption in No. 81–1818 to add as party-respondent the DOWCP. In support, the Director relies in general on the Secretary's delegation to the Director of the Secretary's duties of implementation, administration, and enforcement of the LHWCA. Specifically, the Director relies on 20 C.F.R. § 802.410(b), which provides that the DOWCP "shall be deemed to be the proper party on behalf of the Secretary of Labor in all review proceedings conducted pursuant to section 21(c) of the LHWCA." The Supreme Court appears to have approved this regulation in *Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). There, the Court interpreted this regulation to "mak[e] it clear that the Director of OWCP is the proper federal party in a case of this nature." 432 U.S. at 256 n.11, 97 S.Ct. at 2353 n.11.

The named respondents present a host of arguments in opposition to the Director's position. Respondents first announce that the Director's real intent in this case is to intervene on behalf of petitioner Shahady without having taken any active part in the two-step proceedings within the Department of Labor. They argue that, as a movant for leave to intervene, the DOWCP must satisfy the requirement of Fed.R.App.P. 15(d) (motion shall contain a concise statement of interest of movant and grounds upon which intervention is sought), as well as notions of "respondent standing" derived from *ITO Corp. of Baltimore v. BRB,* 529 F.2d 1080, 1089 (4th Cir. 1975), *refusal to substitute Director as respondent affirmed as amplified upon rehearing en banc,* 542 F.2d 903, 906–09 (1976), *cert. denied,* 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1092 (1977). Neither the statutory scheme nor the regulation relied on by the Director impresses respondents. They concede only that if there were to be "a federal representative on appeal" the DOWCP would be the appropriate federal representative because of his general enforcement responsibilities under the Act. Concerning the regulation, 20 C.F.R. § 802.410(b), respondents argue that it "does nothing more than clarify who is to represent the Secretary of Labor in appropriate circumstances, not to define those circumstances." They conclude that neither statute nor regulation automatically confers upon the DOWCP the status of party-respondent in all section 921(c) review proceedings. Rather, the Director must in each case demonstrate either that the Director's participation is necessary for proper administration of the Act or that the government was a party adverse before the Board. Respondents argue that in this case, the Director can show neither and therefore, that the Director's motion to amend the caption and any other attempt to participate in the case should be denied.

In reply, the Director cites Fed.R.App.P. 15(a): "In each case the agency shall be named respondent." Although acknowledging that the drafters of Rule 15(a) did not anticipate this precise situation, the Director assumes that the premise underlying the rule—that there must be *a* federal respondent in agency review proceedings—applies here. Because *the Board* is not a proper respondent in a section 921(c) review proceeding, *McCord v. Benefits Review Board,* 514 F.2d 198 (D.C. Cir. 1975), it follows by process of elimination that the DOWCP must be the proper federal respondent.

This important procedural issue has surprisingly not yet been decided in this court despite the frequency with which we are faced with petitions for review of orders of the Benefits Review Board.

## II. DISCUSSION

At the outset we acknowledge that no authority easily disposes of this motion. The statutory scheme and regulation upon which the DOWCP principally relies do not, in so many words, resolve this issue; the Supreme Court's statement on this point is also equivocal. The legislative history is unhelpful. Finally, Rule 15(a), if it applies at all, begs the question. Thus it is not surprising that the circuits have split almost evenly as to the proper role of the Director

and Board in section 921(c) proceedings.[2] We now join the majority in holding that the Director should be named as federal respondent in all cases brought under section 921(c). We do so because we are convinced that this result is not only consonant with the legislative and regulatory scheme but comports best with common sense.

That Congress intended the Secretary to play an active role in implementing, administering and enforcing the LHWCA is manifest from a reading of the Act. *See especially*, 33 U.S.C. § 939. The Secretary has permissibly delegated this broad authority and substantial responsibility to the Director of the Office of Workers' Compensation Programs. 20 C.F.R. §§ 701.201, 701.-202(a).[3] Because we believe the Director's central role in the legislative and regulatory scheme dictates in large part our result to grant the Director automatic status as federal party-respondent, we will briefly journey through the administrative and judicial review processes under the amended LHWCA and its regulations.

Claims under the Act are brought first to a deputy commissioner who, if necessary, may investigate the claim and order a formal hearing before an administrative law judge. 33 U.S.C. § 919(c), (d). Under section 939(c)(1),

> The [Director] shall, upon request, provide persons covered by this chapter with information and assistance relating to the chapter's coverage and compensation and the procedures for obtaining such compensation and including assistance in processing a claim. The [Director] may, upon request, provide persons covered by this chapter with legal assistance in processing a claim. The [Director] shall also provide employees receiving compensation information on medical, manpower, and vocational rehabilitation services and assist such employees in obtaining the best such services available.

Should a formal hearing be held, the Director (represented by the Solicitor of Labor) may appear and participate as "an interested party" as a matter of right. 20 C.F.R. § 702.333.

The Benefits Review Board is "authorized to hear and determine appeals raising a substantial question of law or fact taken by any party in interest from decisions with respect to claims of employees under this chapter and the extensions thereof." 33 U.S.C. § 921(b)(3). The Secretary's regulations make it clear that the Director is considered a party before the Board, whether or not the DOWCP actively participated in any formal hearing, and whether or not the Director is adversely affected thereby. 20 C.F.R. § 802.201(a) ("Any party adversely affected by a decision or order pursuant to [the LHWCA] may appeal ... to the Board by filing a notice of appeal ..."), *id.* § 801.2(10) (defining "party" as "the Secretary or his designee *and* any person or business entity *directly* affected by the decision or order from which an appeal to the Board is taken." Emphasis added.).

Review of final orders of the Board is had in the appropriate court of appeals upon the

---

2. The decisions of court of appeals run the entire gamut of possibilities. The Director has been held to be a proper respondent by the Third and Fifth Circuits, *Krolick Contracting Corp. v. Benefits Review Board*, 558 F.2d 685, 689–90 (3d Cir. 1977) (Black Lung Benefits Act only); *United Brands Co. v. Melson*, 569 F.2d 214, 217 (5th Cir. 1978), held to be improper by the Fourth, *ITO Corp. of Baltimore v. Benefits Review Board*, 542 F.2d 903 (4th Cir. 1976) (*en banc*), *cert. denied*, 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1092 (1977), and believed to be improper by the Second, *Pittston Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 42–43 n.5 (2d Cir.), *aff'd sub nom. Northeast Marine Terminals Co. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1976). For the split over

the question of the Board's role, *see* note 9 *infra*; concerning the split over whether the Director has standing to file a petition for review, *see* note 6 *infra*.

3. *But see* 20 C.F.R. § 1.2(d) ("[T]he Assistant Secretary has delegated authority and assigned responsibility to the Director, OWCP for the Department of Labor's programs under the following statutes: ... (d) Longshoremen's and Harbor Workers' Compensation Act ... *except 921 as it applies to the Benefits Review Board.*") (emphasis added). The language of this regulation openly conflicts with 20 C.F.R. § 802.410. We disregard the earlier regulation to the extent § 802.410 negates it.

timely filing of a petition for review by "any person adversely affected or aggrieved" by such order. 33 U.S.C. § 921(c).[4] The Act, somewhat ambiguously, provides as well that

> Attorneys appointed by the Secretary shall represent the Secretary, the deputy commissioner, or the Board in any court proceedings under section 921 of this title or other provisions of this chapter except for proceedings in the Supreme Court of the United States.

33 U.S.C. § 921a. The Secretary's regulation, however, specifically states that

> The Director, OWCP as designee of the Secretary of Labor responsible for the administration and enforcement of the [Act], shall be deemed to be the proper party on behalf of the Secretary of Labor in all review proceedings conducted pursuant to section 21(c) of the LHWCA.

20 C.F.R. § 802.410(b). We believe the Secretary's regulation to be a clear and definite statement, consistent with the intent of the Act to allow the Director (as the Secretary's delegate) to participate at each stage of administrative and judicial review in order to ensure proper and consistent administration of the Act.[5]

This court has previously held that the Director's general supervisory and enforcement interest, apart from any pecuniary interest, is sufficient to confer upon the Director standing to file a petition for review under section 921(c). *DOWCP v. National Van Lines*, 613 F.2d 972, 977 n.6 (D.C. Cir. 1979), *cert. denied*, 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980).[6] We hold today that this interest as expressed in the legislative and regulatory scheme, and especially in 20 C.F.R. § 802.410(b), entitles the Director to participate as party-respon-

---

**4.** *See* note 1 *supra.* The Secretary's regulation provides that only a *party* adversely affected or aggrieved by the order of the Board may file a petition for review. 20 C.F.R. § 702.410(a).

**5.** We read § 921a simply to indicate that attorneys within the Department of Labor should represent Department officials involved in § 921(c) review proceedings, be it the Secretary (Director), deputy commissioner, or Board. Before the 1972 amendments, claims were brought before deputy commissioners. Judicial review was had by writ of injunction against the deputy commissioner in district court, with a right of appeal to the court of appeals. 33 U.S.C. § 921 (1970); *DOWCP v. National Van Lines*, 613 F.2d 972, 976 n.1 (D.C. Cir. 1979), *cert. denied*, 448 U.S. 907, 100 S.Ct. 3049, 65 L.Ed.2d 1136 (1980). The United States Attorney in the judicial district in which the case was pending represented the Secretary or deputy commissioner in district court and on appeal where either was a party to the case or an interested party. 33 U.S.C. § 921a (1970). *See United Brands Co. v. Melson*, 569 F.2d 214, 216 (5th Cir. 1978) (single-judge panel) (citing § 921a as evidence that the LHWCA "appears to contemplate government participation in review litigation"), *Pittston Stevedoring Corp. v. Dellaventura*, 544 F.2d 35, 42–43 n.5 (2d Cir.) (dictum) (same), *aff'd sub nom. Northeast Marine Terminal Co. v. Caputo*, 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1976). *But cf. Prolerized New England Co. v. Benefits Review Board*, 637 F.2d 30, 40–41 (1st Cir. 1980) (denying without prejudice DOWCP's motion to dismiss Board as party-respondent: "[T]he idea that the Board would appear in review proceedings under § 921 evidently was not wholly for-

eign to Congress, since at the same time it created the Board, Congress amended § 921a . . . ."), *cert. denied*, 452 U.S. 938, 101 S.Ct. 3080, 69 L.Ed.2d 952 (1981); *ITO Corp. of Baltimore v. Benefits Review Board*, 542 F.2d 903, 906 (4th Cir. 1976) (*en banc*) (§ 921a begs the question), *cert. denied*, 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1092 (1977).

The Secretary's regulation is the only sensible construction of the current § 921a in light of this and other courts' holdings that the Board (and a fortiori the deputy commissioner) is an improper respondent. *See McCord v. Benefits Review Board*, 514 F.2d 198 (D.C. Cir. 1975), and cases cited at note 9 *infra.*

**6.** *Cf. DOWCP v. Eastern Coal Corp.*, 561 F.2d 632, 645 (6th Cir. 1977) (administrative interest of Director in enforcing Black Lung Benefits Act sufficient to confer standing); *DOWCP v. Alabama By-Products*, 560 F.2d 710, 715–17 (5th Cir. 1977) (same); *DOWCP v. Peabody Coal Corp.*, 554 F.2d 310, 332–38 (7th Cir. 1977) (same). *Contra DOWCP v. Bethlehem Steel Corp.*, 620 F.2d 60, 63 (5th Cir. 1980) (no administrative interest in litigating issues concerning proper allocation of burdens of proof and persuasion under LHWCA); *Fusco v. Perini North River Assocs.*, 601 F.2d 659, 660 (2d Cir. 1979) (no administrative interest under LHWCA), *vacated and remanded on other grounds*, 444 U.S. 1028, 100 S.Ct. 697, 62 L.Ed.2d 664 (1980); *DOWCP v. Donzi Marine, Inc.*, 586 F.2d 377, 381–82 (5th Cir. 1978) (no administrative interest under LHWCA; distinguishes Black Lung Benefits Act cases).

dent as a matter of course in all section 921(c) petitions.[7] We note that the only statement of the Supreme Court on point, *Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 256 n.11, 97 S.Ct. 2348, 2353 n.11, 53 L.Ed.2d 320 (1976), while dictum and not entirely unambiguous, is basically in accord with our holding.[8]

In so holding, we choose not to rely on Rule 15(a) as the Director urges us to do. In *McCord v. Benefits Review Board,* 514 F.2d 198 (D.C.Cir.1975), this court granted the Board's unopposed motion to dismiss itself as a respondent in a section 921(c) review proceeding. The court stated that the rationale of Rule 15(a) does not apply to this type of proceeding.

> Normally, a single private party is contesting the action of an agency, which agency must appear and defend on the merits to insure the proper adversarial

clash requisite to a "case or controversy." . . . Here, there is sufficient adversity between [the employer] and [the claimant] to insure proper litigation without participation by the Board. To require the Board to appear as a party would parallel requiring the District Court to appear and defend its decision upon direct appeal.

514 F.2d at 200. The court listed as another reason for dismissal a corollary of the first: the court could carry out its judgment and order without any further action required of the Board. *Id.* In this case, too, there is "sufficient adversity" between petitioner Shahady and the named respondents to ensure a "case or controversy." Rule 15(a) contemplates that the agency respondent defend the agency's (commission, or board) decision because the respondent *represents* the agency. In LHWCA cases, the Benefits Review Board—as a purely adjudicative en-

---

**7.** Two possible objections that come to mind may be quickly dismissed. First, the DOWCP did not actively participate at either stage of the administrative proceedings, although entitled to do so by regulation. Generally, failure to participate before the agency is fatal to one who seeks to participate on appeal. But that rule is inappropriate here. As a practical matter, it would be impossible for the DOWCP, with its limited resources, to actively participate before the ALJ and BRB in every case. It would be grossly inefficient to require the DOWCP to participate at the agency level in order to participate in the court of appeals, or even to move to intervene where not made a party. In any event, we believe Congress intended the Secretary's designate to participate in administrative and judicial proceedings where and when he believed it necessary.

Second, it may at first blush seem illogical to allow a respondent to side with petitioner. This is often the case, however, where the United States as statutory respondent argues on behalf of petitioner in urging reversal of some agency action. The prospect of a caption reading "DOWCP, et al. v. DOWCP, et al." can be avoided simply by the Director refraining from naming itself as respondent in any petition for review he chooses to file.

**8.** *Northeast Terminal* came up on certiorari to the Second Circuit, where the Director—at that time without the benefit of 20 C.F.R. § 802.-410(b) and burdened with 20 C.F.R. § 1.2(d), see note 3 *supra*—failed to persuade the Second Circuit that the DOWCP, not the Board, should be the proper federal respondent

in § 921(c) proceedings. The court of appeals stated in dictum,

> Trying to make sense out of these regulations, we think that while the Director, OWCP is a proper party before the ALJ or the BRB . . . ., the BRB is the proper agency respondent for review in the court of appeals . . . . We deem it best to defer resolution of this question to a case where decision on this point is essential; perhaps in the meanwhile the Department will tidy up its regulations.

*Pittston Stevedoring Corp. v. Dellaventura,* 544 F.2d 35, 43 n.5 (1976). It was in response to this suggestion that the Secretary promulgated 20 C.F.R. § 802.410(b). The Supreme Court, presented with the recently issued regulation, stated:

> The Court of Appeals questioned whether the [DOWCP], the federal respondent here, was a proper party in the Court of Appeals. . . . It concluded that some federal participation was proper and did not reach the question whether the BRB should have been substituted for the Director. . . . [N]either party has raised any question in this Court concerning the identity of the federal respondent. *This question is therefore not before us.* The Department of Labor has recently promulgated a regulation *making it clear that the Director of OWCP is the proper federal party in a case of this nature.*

*Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 256 n.11, 97 S.Ct. 2348, 2353 n.11, 53 L.Ed.2d 320 (1976) (emphasis added).

tity—functions as a district court.[9] There is no *necessary* identity of interest between the BRB and DOWCP. The Director decides independently to support the Board's order, and if so, to what extent and in what manner.

The Director argues that if the Board is not a proper federal respondent, then the DOWCP must be. We disagree. The reasoning of *McCord*—that the rationale of Rule 15(a) is inapplicable to this kind of situation—applies as much to the DOWCP as it does the Board. We agree with Judge Friendly; we too "find it hard to believe that ... Congress [in the 1972 LHWCA amendments] meant to oust the Government from participation as of right." *Pittston Stevedoring Corp. v. Dellaventura,* 544 F.2d 35, 43 n.5 (2d Cir. 1976), *aff'd sub nom. Northeast Marine Terminal Co. v. Caputo,* 432 U.S. 249, 97 S.Ct. 2348, 53 L.Ed.2d 320 (1977). But we believe that the Act, not Rule 15(a), dictates our conclusion that *the Director* shall be named as federal party-respondent in section 921(c) proceedings.

### III. CONCLUSION

We hold that the Director, OWCP shall be named as federal party-respondent in all petitions for review brought under section 21(c) of the LHWCA, 33 U.S.C. § 921(c), regardless of the level or degree of active participation of the Director before the Board. The Director may freely elect either to support the Board's decision and order, in whole or in part, to side with

---

**9.** Most other courts that have dismissed the Board as respondent have followed the reasoning of *McCord. See, e.g., DOWCP v. Eastern Coal Corp.,* 561 F.2d 632, 648–49 (6th Cir. 1977) ("Just as a District Court is not a necessary party in this court for review of its decision, we hold the Benefits Review Board is likewise not a necessary party to this litigation."); *Nacirema Operating Co., Inc. v. Benefits Review Board,* 538 F.2d 73, 75 (3d Cir. 1976) (Board now performs the function which prior to 1972 LHWCA amendments was performed by a district court; Board, like the district court, has no duty or interest in defending its actions on appeal); *ITO Corp. of Baltimore v. Benefits Review Board,* 529 F.2d 1080, 1089 (4th Cir. 1975) (sufficient adversity between employer and claimant; Board's participation unneces-

petitioner and urge reversal, or to refrain from taking a position. The Director's motion to amend and reform the caption in No. 81–1818 is therefore granted.

sary to ensure proper litigation), *dismissal of Board noted and left undisturbed upon rehearing en banc,* 542 F.2d 903, 907 n.4 (1976), *cert. denied,* 433 U.S. 908, 97 S.Ct. 2972, 53 L.Ed.2d 1092 (1977); *Offshore Food Service and Aetna Cas. Surety Co. v. Benefits Review Board,* 524 F.2d 967 ("Neither [§ 921(c) nor Rule 15(a)] requires the Board to be a party nor is its presence as a party necessary to effectuation of orders this court may enter.").

Only one circuit has relied on Rule 15(a), in holding the Board to be a proper respondent. *Prolerized New England Co. v. Benefits Review Board,* 637 F.2d 30, 40–41 (1st Cir. 1980). Notably, the DOWCP also participated in that case as party-respondent. The only other decision in conflict with the reasoning of *McCord* is *Pittston Stevedoring,* discussed *infra* at 485.