Joseph P. CONNORS, Sr., Paul R. Dean, William B. Jordan, William Miller, Donald E. Pierce, Trustees of the United Mine Workers of America 1950 Benefit Plan and Trust, Plaintiffs,

v.

AMAX COAL CO., INC., Defendant.

No. IP 86–1286–C.

United States District Court,
S.D. Indiana,
Indianapolis Division.

Nov. 20, 1987.

Douglas V. Jessen, Evansville, Ind., Gerald E. Cole, Jr., Office of General Counsel, Washington, D.C., for plaintiffs.

W.C. Blanton, James F. Bleeke, Indianapolis, Ind., for defendant.

## ENTRY

DILLIN, District Judge.

This cause is before the Court on defendant's motion to dismiss pursuant to Rule 12(b)(1), F.R.Civ.P. For the following reasons, the defendant's motion is granted and the cause of action is dismissed, without prejudice, for lack of subject matter jurisdiction.

### Background

The plaintiffs, trustees of the United Mine Workers of America 1950 Benefit Plan and Trust, filed this action in district court to recover from Amax Coal Co., Inc. ("Amax"), payments made by the Trust for various medical services rendered to miners suffering from pneumoconiosis, also known as black lung. Plaintiffs claim that Amax is required by law to pay for these services as the "responsible mine operator," and that Amax has been unjustly enriched to the extent that the Trust has covered such expenses. In response, Amax filed its motion to dismiss, contending that the Court lacks jurisdiction to resolve this dispute because plaintiffs have failed to exhaust the administrative procedures required by the Black Lung Benefits Act ("BLBA"), 30 U.S.C. § 901 *et seq.*

The BLBA was enacted in 1969 to "provide benefits, in cooperation with the States, to coal miners who are totally disabled due to pneumoconiosis and to the surviving dependents of miners whose death was due to such disease." 30 U.S.C. § 901(a). Subsequent to enactment of the BLBA, a Black Lung Disability Trust Fund was created in an effort to transfer the responsibility for the payment of benefits from the federal government to the coal industry. *See* 26 U.S.C. § 9501; 20 C.F.R. § 725.490. The Fund, which is financed by the coal industry, is primarily responsible for benefit payments to miners whose last coal mine employment occurred before January 1, 1970. Under the Act, individual coal mine operators bear the financial liability for most claims in which the miner's last coal mine employment occurred after January 1, 1970. The Fund is authorized, however, to pay interim benefits to a miner on behalf of an operator in certain cases where liability for benefit payments is contested. 20 C.F.R. §§ 725.420, 725.522. When the Fund makes interim payments for which an operator is liable, the Fund becomes subrogated to the rights of the beneficiary and may enforce those rights to obtain reimbursement. 20 C.F.R. § 725.602(b).

What the plaintiff trustees in this action are in effect alleging is that they have served a function similar to that of the Black Lung Disability Trust Fund by paying the black lung related medical expenses of their plan participants pending payment by the responsible mine operator. The trustees claim that Amax is primarily responsible for those benefit obligations, and that the 1950 Benefit Plan and Trust is therefore entitled to reimbursement. The issue before the Court on defendant's motion is whether the district court has jurisdiction to entertain such a claim for relief.

### Discussion

Regarding disputes concerning medical benefits, the BLBA incorporates the claims procedures set forth in the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901 *et seq. See* 30 U.S.C. § 932; *Krolick Contracting Corp. v. Benefits Review Board,* 558 F.2d 685 (3rd Cir.1977). These procedures provide that a claim be filed with the deputy commissioner, who shall make or cause to be made such investigations as he considers necessary in respect of the claim. If requested by any interested party, a hearing before an administrative law judge will be ordered. After such a hearing, the administrative law judge's order rejecting the claim or making

the award is then filed in the office of the deputy commissioner. This order may be appealed to the Benefits Review Board. Any person adversely affected or aggrieved by a final order of the Board may obtain a review of that order in the United States court of appeals for the circuit in which the injury occurred. *See* 33 U.S.C. §§ 919, 921. *See also* 20 C.F.R. § 725.707.

The jurisdiction of federal district courts with respect to black lung compensation awards is limited by statute as follows:

If any employer or his officers or agents fails to comply with a compensation order making an award, that has become final, any beneficiary of such award or the deputy commissioner making the order, may apply for the enforcement of the order to the Federal district court for the judicial district in which the injury occurred.... If the court determines that the order was made and served in accordance with law, and that such employer or his officers or agents have failed to comply therewith, the court shall enforce obedience to the order by writ of injunction or by other proper process, mandatory or otherwise, to enjoin upon such person and his officers and agents compliance with the order.

33 U.S.C. § 921(d).

As indicated by the foregoing statute, a final compensation order is a prerequisite to district court jurisdiction over black lung benefit enforcement actions. There appears to be nothing in the applicable statutes and regulations which would exempt the plaintiff trustees, or for that matter, the Black Lung Disability Trust Fund, from exhausting the aforementioned administrative procedures when seeking reimbursement for payment of disputed claims. Subrogated to the rights of the beneficiary miners, the plaintiff trustees stand in no better position than the miners themselves with respect to complying with the jurisdictional prerequisites for a district court forum.

While plaintiffs have alleged generally that the basic claims of the miners to whom they have made payments have been approved, and that Amax is the responsible mine operator, there is no allegation of a final administrative order mandating medical benefit payments by Amax. Given that this Court lacks jurisdiction to make such a benefit determination, the present cause must be dismissed, without prejudice, for lack of subject matter jurisdiction. It should be noted that the plaintiffs offer as an alternative argument the contention that they have an independent jurisdictional basis for their action under ERISA. The Court finds no support in law or fact for this contention.

Accordingly, defendant's motion is hereby granted.

### JUDGMENT

The Court having this day filed its entry in the above captioned matter as follows: (H.I.), now therefore,

IT IS CONSIDERED AND ADJUDGED that plaintiffs take nothing by their complaint.

IT IS FURTHER CONSIDERED AND ADJUDGED that plaintiffs' action is dismissed, without prejudice, for lack of jurisdiction of the subject matter.

IT IS FINALLY CONSIDERED AND ADJUDGED that plaintiffs pay the costs of this action.